NO. 22-11242

# United States Court of Appeals for the Fifth Circuit

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

*versus*

TIMOTHY BARTON,

*Defendant-Appellant*,

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

**RECORD EXCERPTS OF APPELLANT TIMOTHY BARTON**

Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
medney@huntonak.com

# Table of Contents


| TAB | ITEM | CITATION | |
|---|---|---|---|
| 1 | Docket Sheet | ROA.1-ROA.24 | RE-1 – RE-24 |
| 2 | Defendant's Notice of Appeal | ROA.2952-ROA.2953 | RE-25 – RE-26 |
| 3 | Order Granting Receiver's Motion to Ratify Agreement with DLP Capital and Other DLP Entities | ROA.2787-ROA.2788 | RE-27 – RE-28 |
| 4 | Receiver's Verified Motion to Ratify Agreement with DLP Capital and Other DLP Entities | ROA.2677-ROA.2684 | RE-29 – RE-36 |
| 5 | Defendant Barton's Response to Verified Motion to Ratify Agreement with DLP Capital and Other DLP Entities | ROA.2749-ROA.2757 | RE-37 – RE-45 |
| 6 | Excerpted Memorandum of Agreement from Appendix in Support of Defendant's Response | ROA.2761-ROA.2771 | RE-46 – RE-56 |
| 7 | Excerpted Declaration from Appendix in Support of Defendant's Response | ROA.2782-ROA.2784 | RE-57 – RE-59 |

April 11, 2023

Respectfully submitted,

*<u>/s/ Michael J. Edney</u>*
Michael J. Edney
Michael Dingman
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*
*mdingman@huntonak.com*

Ted A. Huffman
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
(214) 979-3000
*thuffman@huntonak.com*

ATTORNEYS FOR APPELLANT
TIMOTHY LYNCH BARTON

**Certificate of Service**

I, Michael J. Edney, counsel for Appellant, hereby certify that on April 11, 2023, caused a true and correct copy of the foregoing Record Excerpts of Appellant Timothy Barton to be filed electronically with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the Appellate CM/ECF System. Participants in this case who are registered CM/ECF users will be served electronically by the Appellate CM/ECF System.

*/s/Michael J. Edney*
Michael J. Edney

# Tab 1

APPEAL,JURY,STAYED,TOLIVER

# U.S. District Court
# Northern District of Texas (Dallas)
# CIVIL DOCKET FOR CASE #: 3:22-cv-02118-X

| | |
|---|---|
| Securities and Exchange Commission v. Barton et al<br>Assigned to: Judge Brantley Starr<br>Case in other court: USCA5, 22-11132<br>USCA5, 22-11242<br>Cause: 15:78m(a) Securities Exchange Act | Date Filed: 09/23/2022<br>Jury Demand: Plaintiff<br>Nature of Suit: 850 Other Statutes: Securities/Commodities/Exchange<br>Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Securities and Exchange Commission** | represented by | **Keefe M Bernstein**<br>Securities and Exchange Commission<br>801 Cherry Street<br>Suite 1900<br>Fort Worth, TX 76102<br>817-900-2607<br>Fax: 817-978-4927<br>Email: bernsteink@sec.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing*<br><br>**David B Reece**<br>US Securities & Exchange Commission<br>Burnett Plaza Suite 1900<br>801 Cherry St Unit # 18<br>Fort Worth, TX 76102-6882<br>817-978-6476<br>Fax: 817-978-4927<br>Email: reeced@sec.gov<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing*<br><br>**James E Etri**<br>US Securities & Exchange Commission<br>801 Cherry St<br>Unit 18 Suite 1900<br>Fort Worth, TX 76102<br>817-978-1406<br>Email: etrij@sec.gov<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |

V.

**Defendant**

| | | |
|---|---|---|
| **Timothy Barton** | represented by | |

**Edwin Andrew Huffman**
Hunton Andrews Kurth LLP/Dallas
1445 Ross Avenue
Ste 3700
Dallas, TX 75202
214-468-3561
Fax: 214-880-0011
Email: thuffman@huntonak.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Javan Porter**
Holland & Knight LLP
1722 Routh Street
Suite 1500
Dallas, TX 75201
601-441-0342
Email: javan.porter@hklaw.com
*TERMINATED: 02/03/2023*
*Bar Status: Admitted/In Good Standing*

**Michael Christopher Dingman**
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue NW
Suite 905
Washington, DC 20037
771-210-9693
Email: mdingman@huntonak.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Michael J Edney**
Hunton Andrews Kurth LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
202-778-2204
Email: medney@HuntonAK.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Richard B Roper, III**
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
214-969-1700
Fax: 214-964-9501
Email: richard.roper@hklaw.com
*TERMINATED: 02/03/2023*
*Bar Status: Admitted/In Good Standing*

**Sean O'Connell**

Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue NW
Suite 905
Washington, DC 20037
202-955-1500
Fax: 202-778-2201
*Bar Status: Not Admitted*

**Defendant**

**Carnegie Development LLC**

**Defendant**

**Wall007 LLC**

**Defendant**

**Wall009 LLC**

**Defendant**

**Wall010 LLC**

**Defendant**

**Wall011 LLC**

**Defendant**

**Wall012 LLC**

**Defendant**

**Wall016 LLC**

**Defendant**

**Wall017 LLC**

**Defendant**

**Wall018 LLC**

**Defendant**

**Wall019 LLC**

**Defendant**

**Haoqiang Fu**
*also known as*
Michael Fu

**Defendant**

**Stephen T Wall** represented by **Michael P Heiskell**
Johnson Vaughn & Heiskell
5601 Bridge St

Suite 220
Fort Worth, TX 76112
817-457-2999
Fax: 817-496-1102
Email: mheiskell@johnson-vaughn-heiskell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**DJD Land Partners LLC**
*Relief Defendant*

**Defendant**

**LDG001 LLC**
*Relief Defendant*

V.

**Respondent**

**Bank of America, N.A.**

**Interested Party**

**HNGH Turtle Creek** represented by **Erin Angela Nealy Cox**
Kirkland & Ellis LLP
4550 Travis Street
Dallas, TX 75205
214-972-1847
Email: erin.nealycox@kirkland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**John Joseph Kane**
Kane Russell Coleman & Logan PC
901 Main Street
Suite 5200
Dallas, TX 75202
214/777-4200
Fax: 214/777-4299
Email: jkane@krcl.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Maximilien Barton** represented by **Nathan Benjamin Baum**
Norton Rose Fulbright US LLP
2200 Ross Avenue
Suite 2800

Dallas, TX 75201
214-855-7487
Fax: 214-855-8200
Email:
nathan.baum@nortonrosefulbright.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
Norton Rose Fulbright US LLP
111 W Houston Street
Suite 1800
San Antonio, TX 78205
210-270-7175
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Gillespie Villas LLC** represented by **Nathan Benjamin Baum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
(See above for address)
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Venus59 LLC** represented by **Nathan Benjamin Baum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
(See above for address)
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**TRTX Properties LLC** represented by **Nathan Benjamin Baum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
(See above for address)
*Bar Status: Admitted/In Good Standing*

**Interested Party**

| | | |
|---|---|---|
| **MXBA LLC** | represented by | **Nathan Benjamin Baum**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing*<br><br>**Christopher Ryan Cooke**<br>(See above for address)<br>*Bar Status: Admitted/In Good Standing* |
| **<u>Interested Party</u>** | | |
| **Titan Investments LLC** | represented by | **Nathan Benjamin Baum**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing*<br><br>**Christopher Ryan Cooke**<br>(See above for address)<br>*Bar Status: Admitted/In Good Standing* |
| **<u>Interested Party</u>** | | |
| **Palisades-TC, LLC** | represented by | **Jonathan Patton**<br>Tillotson Law<br>1807 Ross Avenue<br>Suite 325<br>Dallas, TX 75201<br>214-382-3041<br>Fax: 214-292-6564<br>Email: jpatton@tillotsonlaw.com<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |
| **<u>Interested Party</u>** | | |
| **David Dhiraj Ramolia** | represented by | **Eliot Dana Shavin**<br>Chandler & Shavin PLLC<br>12377 Merit Drive, Suite 880<br>Dallas, TX 75251<br>214-522-2010<br>Email: shavin@chandlershavin.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing*<br><br>**Corinna Pia Chandler**<br>Chandler & Shavin, PLLC<br>12377 Merit Drive, Suite 880<br>Dallas, TX 75251<br>972-863-9063<br>Email: chandler@chandlershavin.com<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |

**Daniel Rasoul Alexander**
Chandler & Shavin PLLC
12377 Merit Drive
Suite 880
Dallas, TX 75251
469-236-4503
Email: alexander@chandlershavin.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**<u>Notice Only</u>**

**Southern Star Capital, LLC**
*doing business as*
Reliance Morgage Company

represented by

**Robert W Buchholz**
Law Office of Robert W Buchholz PC
5220 Spring Valley Road
Suite 618
Dallas, TX 75254
United Sta
214-754-5500
Fax: 214-754-9100
Email: bob@attorneybob.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**<u>Notice Only</u>**

**Circle H Contractors, LP**

represented by

**Aaron Thomas Capps**
Slates Harwell LLP
1700 Pacific Ave., Ste. 3800
Dallas, TX 75201
United Sta
469-317-1065
Fax: 469-317-1165
Email: acapps@slatesharwell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**<u>Notice Only</u>**

**MFO Venus Development, LLC**

represented by

**Ian Edward Fullington**
Moss & Associates, LLC
6950 TPC Drive
Suite 300
McKinney, TX 75070
469-625-9063
Email: ifullington@mosscm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Receiver**

| | | |
|---|---|---|
| **Receiver** | represented by | **Cort Thomas**<br>Brown Fox PLLC<br>8111 Preston Road Suite 300<br>Dallas, TX 75225<br>214-367-6094<br>Fax: 214-327-5001<br>Email: cort@brownfoxlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing*<br><br>**Charlene Cantrell Koonce**<br>Brown Fox PLLC<br>8111 Preston Road<br>Suite 300<br>Dallas, TX 75225<br>214-327-5000<br>Fax: 214-327-5001<br>Email: charlene@brownfoxlaw.com<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |

V.

**Mediator**

| | | |
|---|---|---|
| **ADR Provider** | represented by | **Harlin D Hale**<br>US Bankruptcy Court<br>1100 Commerce St<br>12th Floor<br>Dallas, TX 75242<br>214-753-2000<br>Email: hdh_districtdocs@txnb.uscourts.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |

V.

**Intervenor**

| | | |
|---|---|---|
| **United States of America** | represented by | **Renee M Hunter-DOJ**<br>United States Attorney's Office<br>Northern District of Texas<br>1100 Commerce Street<br>Suite 300<br>Dallas, TX 75242<br>214-659-8798<br>Email: renee.hunter@usdoj.gov |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2022 | 1 (p.25) | COMPLAINT WITH JURY DEMAND against Timothy Barton, Carnegie Development, LLC, DJD Land Partners, LLC, Haoqiang Fu (A/K/A Michael Fu), LDG001, LLC, Stephen T Wall, Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, Wall019, LLC filed by Securities and Exchange Commission. (Filer fee note- Filed by the USA) Plaintiff will submit summons(es) for issuance. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.25) Cover Sheet) (Bernstein, Keefe) (Entered: 09/23/2022) |
| 09/23/2022 | 2 (p.55) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Securities and Exchange Commission. (Clerk QC note: No affiliate entered in ECF). (Bernstein, Keefe) (Entered: 09/23/2022) |
| 09/23/2022 | 3 (p.57) | Request for Clerk to issue Summons filed by Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 09/23/2022) |
| 09/23/2022 | 4 (p.87) | New Case Notes: A filing fee is not due for this case. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Toliver). Clerk to provide copy to plaintiff if not received electronically. (mlb) (Entered: 09/23/2022) |
| 09/23/2022 | 5 (p.89) | Summons Issued as to Timothy Barton, Carnegie Development LLC, DJD Land Partners LLC, Haoqiang Fu, LDG001 LLC, Stephen T Wall, Wall007 LLC, Wall009 LLC, Wall010 LLC, Wall011 LLC, Wall012 LLC, Wall016 LLC, Wall017 LLC, Wall018 LLC, Wall019 LLC. (mlb) (Entered: 09/23/2022) |
| 09/26/2022 | 6 (p.119) | Expedited MOTION for Appointment of Receiver filed by Securities and Exchange Commission with Brief/Memorandum in Support. (Attachments: # 1 (p.25) Proposed Order) (Bernstein, Keefe) Modified text on 9/27/2022 (ygl). (Entered: 09/26/2022) |
| 09/26/2022 | 7 (p.165) | Appendix in Support filed by Securities and Exchange Commission re 6 (p.119) MOTION Plaintiff's Expedited Motion for Appointment of Receiver and Brief In Support (Attachments: # 1 (p.25) Additional Page(s) Part 1 of 5) (Bernstein, Keefe) (Entered: 09/26/2022) |
| 09/26/2022 | 8 (p.269) | ADDITIONAL ATTACHMENTS to 7 (p.165) Appendix in Support by Plaintiff Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 09/26/2022) |
| 09/26/2022 | 9 (p.309) | ADDITIONAL ATTACHMENTS to 7 (p.165) Appendix in Support by Plaintiff Securities and Exchange Commission. (Attachments: # 1 (p.25) Additional Page(s) Appendix Part 4 of 5, # 2 (p.55) Additional Page(s) Appendix Part 5 of 5) |

| | | |
|---|---|---|
| | | (Bernstein, Keefe) (Entered: 09/26/2022) |
| 09/28/2022 | 10 (p.481) | SUMMONS Returned Executed as to Timothy Barton ; served on 9/26/2022; Carnegie Development LLC ; served on 9/26/2022; DJD Land Partners LLC ; served on 9/26/2022; LDG001 LLC ; served on 9/26/2022; Stephen T Wall ; served on 9/26/2022; Wall007 LLC ; served on 9/26/2022; Wall009 LLC ; served on 9/26/2022; Wall010 LLC ; served on 9/26/2022; Wall011 LLC ; served on 9/26/2022; Wall012 LLC ; served on 9/26/2022; Wall016 LLC ; served on 9/26/2022; Wall017 LLC ; served on 9/26/2022; Wall018 LLC ; served on 9/26/2022; Wall019 LLC ; served on 9/26/2022. (Bernstein, Keefe) (Entered: 09/28/2022) |
| 09/28/2022 | 11 (p.523) | WAIVER OF SERVICE Returned Executed as to Haoqiang Fu. Waiver sent on 9/26/2022. (Bernstein, Keefe) (Entered: 09/28/2022) |
| 09/28/2022 | 12 (p.524) | NOTICE of *Service of Plaintiff Securities and Exchange Commission's Expedited Motion for Appointment of Receiver* re: 11 (p.523) Waiver of Service Executed, 10 (p.481) Summons Returned,, filed by Securities and Exchange Commission (Bernstein, Keefe) (Entered: 09/28/2022) |
| 10/05/2022 | 13 (p.528) | NOTICE of Attorney Appearance by Richard B Roper, III on behalf of Timothy Barton. (Filer confirms contact info in ECF is current.) (Roper, Richard) (Entered: 10/05/2022) |
| 10/05/2022 | 14 (p.530) | NOTICE of Attorney Appearance by Richard B Roper, III on behalf of Timothy Barton. (Filer confirms contact info in ECF is current.) (Roper, Richard) (Entered: 10/05/2022) |
| 10/05/2022 | 15 (p.532) | NOTICE of Attorney Appearance by Richard B Roper, III for Javan Porter on behalf of Timothy Barton. (Roper, Richard) (Entered: 10/05/2022) |
| 10/05/2022 | 16 (p.534) | NOTICE of Attorney Appearance by Michael P Heiskell on behalf of Stephen T Wall. (Filer confirms contact info in ECF is current.) (Heiskell, Michael) (Entered: 10/05/2022) |
| 10/12/2022 | 17 (p.535) | NOTICE of Attorney Appearance by Edwin Andrew Huffman for Edwin "Ted" A. Huffman, Michael J. Edney, Sean B. O'Connell, and Michael Dingman on behalf of Timothy Barton. (Huffman, Edwin) (Entered: 10/12/2022) |
| 10/14/2022 | 18 (p.538) | Agreed Motion for Extension of Time to File Answer filed by Timothy Barton (Attachments: # 1 (p.25) Agreed Proposed Order) (Huffman, Edwin) (Entered: 10/14/2022) |
| 10/14/2022 | 19 (p.544) | MOTION for Extension of Time to File Response/Reply to 6 (p.119) MOTION Plaintiff's Expedited Motion for Appointment of Receiver and Brief In Support filed by Timothy Barton (Attachments: # 1 (p.25) Proposed Order) (Huffman, Edwin) (Entered: 10/14/2022) |
| 10/15/2022 | 20 | ELECTRONIC ORDER: The Court DENIES 19 (p.544) Motion to Extend Time to File Response. The Response is due October 17, 2022. (Ordered by Judge Brantley Starr on 10/15/2022) (chmb) (Entered: 10/15/2022) |
| 10/17/2022 | 21 | ELECTRONIC ORDER granting 18 (p.538) Motion for Extension of Time to File Answer. The answer is due 11/16/2022. (Ordered by Judge Brantley Starr on 10/17/2022) (chmb) (Entered: 10/17/2022) |
| 10/17/2022 | | |

| | | |
|---|---|---|
| | 22 (p.554) | Agreed Motion for Extension of Time to File Answer filed by Stephen T Wall (Attachments: # 1 (p.25) Proposed Order) (Heiskell, Michael) (Entered: 10/17/2022) |
| 10/17/2022 | 23 (p.557) | Agreed Motion for Extension of Time to File Answer *for the Relief Defendants* filed by Timothy Barton (Attachments: # 1 (p.25) Agreed Proposed Order) (Huffman, Edwin) (Entered: 10/17/2022) |
| 10/17/2022 | 24 (p.562) | RESPONSE filed by Timothy Barton re: 6 (p.119) MOTION Plaintiff's Expedited Motion for Appointment of Receiver and Brief In Support (Huffman, Edwin) (Entered: 10/18/2022) |
| 10/18/2022 | 25 (p.593) | Appendix in Support filed by Timothy Barton re 24 (p.562) Response/Objection (Huffman, Edwin) (Entered: 10/18/2022) |
| 10/18/2022 | 26 | ELECTRONIC ORDER granting 22 (p.554) Motion for Extension of Time to File Answer. The answer is due 11/16/2022. (Ordered by Judge Brantley Starr on 10/18/2022) (chmb) (Entered: 10/18/2022) |
| 10/18/2022 | 27 | ELECTRONIC ORDER granting 23 (p.557) Motion for Extension of Time to File Answer. The answer is due 11/16/2022. (Ordered by Judge Brantley Starr on 10/18/2022) (chmb) (Entered: 10/18/2022) |
| 10/18/2022 | 28 (p.601) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Michael Dingman (Filing fee $100; Receipt number ATXNDC-13232815) filed by Timothy Barton (Attachments: # 1 (p.25) Certificate of Good Standing) (Huffman, Edwin) (Entered: 10/18/2022) |
| 10/18/2022 | 29 (p.605) | Order GRANTING 6 (p.119) Motion for Appointment of Receiver. (Ordered by Judge Brantley Starr on 10/18/2022) (chmb) (Entered: 10/18/2022) |
| 10/18/2022 | 30 (p.630) | NOTICE of Attorney Appearance by Charlene Cantrell Koonce on behalf of Receiver. (Filer confirms contact info in ECF is current.) (Koonce, Charlene) (Entered: 10/18/2022) |
| 10/19/2022 | 31 | ELECTRONIC ORDER granting 28 (p.601) Application for Admission Pro Hac Vice of Michael Dingman. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 10/19/2022) (chmb) (Entered: 10/19/2022) |
| 10/20/2022 | 32 (p.632) | Emergency MOTION to Amend/Correct 29 (p.605) Order on Motion for Miscellaneous Relief filed by Timothy Barton (Attachments: # 1 (p.25) Proposed Order) (Edney, Michael) (Entered: 10/20/2022) |
| 10/20/2022 | 33 | ELECTRONIC ORDER: The Court DENIES Defendant Barton's 32 (p.632) Motion to Amend the Court's Order Appointing the Receiver. (Ordered by Judge Brantley Starr on 10/20/2022) (chmb) (Entered: 10/20/2022) |
| 10/25/2022 | 34 (p.638) | SUMMONS Returned Executed as to DJD Land Partners LLC ; served on 10/6/2022; LDG001 LLC ; served on 10/6/2022; Wall007 LLC ; served on 10/6/2022; Wall009 LLC ; served on 10/6/2022; Wall010 LLC ; served on 10/6/2022; Wall011 LLC ; served on 10/6/2022; Wall012 LLC ; served on 10/6/2022; Wall016 LLC ; served on 10/6/2022; Wall017 LLC ; served on 10/6/2022; Wall018 LLC ; served on 10/6/2022; Wall019 LLC ; served on 10/6/2022. (Bernstein, Keefe) (Entered: 10/25/2022) |
| 10/25/2022 | | |

| | | |
|---|---|---|
| | 35 (p.671) | SUMMONS Returned Executed as to Carnegie Development LLC ; served on 10/20/2022. (Bernstein, Keefe) (Entered: 10/25/2022) |
| 10/25/2022 | 36 (p.674) | SUMMONS Returned Executed as to Haoqiang Fu. Served on 10/17/2022. (Bernstein, Keefe) Modified docket on 10/26/2022 (oyh). (Entered: 10/25/2022) |
| 10/26/2022 | 37 (p.677) | MOTION Receiver's Unopposed Motion for Approval of Engagement Agreements filed by Receiver (Attachments: # 1 (p.25) Appendix, # 2 (p.55) Proposed Order) (Thomas, Cort) (Entered: 10/26/2022) |
| 10/27/2022 | 38 | ORDER: The Court GRANTS the Receiver's 37 (p.677) Motion for Approval of Engagement Agreements. The Receiver's engagements of Brown Fox, PLLC, Ahuja & Clark, PLLC, and Veracity Forensics LLC, and the terms of each, are APPROVED. Fees and expenses incurred by the engaged professionals shall be paid in accordance with the terms of the Order Appointing Receiver. (Ordered by Judge Brantley Starr on 10/27/2022) (chmb) (Entered: 10/27/2022) |
| 10/27/2022 | 39 (p.702) | NOTICE FILED: Peckar & Abramson (frw) (Entered: 10/27/2022) |
| 10/28/2022 | 40 | ELECTRONIC ORDER: The Court has received, by mail, a request from interested non-party Peckar & Abramson for a hearing on the Securities and Exchange Commission's 6 (p.119) Motion for Appointment of Receiver. This letter, which the Court filed at Doc. 39 (p.702) , is dated October 24, 2022. But on October 18, 2022, the Court entered an Order at Doc. 29 (p.605) granting the SEC's Motion. Construing Peckar & Abramson's letter as a motion for a hearing, the Court thus DENIES AS MOOT the motion, and invites Peckar & Abramson to visit the following website to sign up for the federal courts' Case Management/Electronic Case Files (CM/ECF) system for future reference and filing purposes in federal court: https://www.uscourts.gov/court-records/electronic-filing-cmecf (Ordered by Judge Brantley Starr on 10/28/2022) (chmb) (Entered: 10/28/2022) |
| 11/01/2022 | 41 (p.704) | MOTION to Supplement Order Appointing Receiver filed by Receiver re 29 (p.605) Order . (Attachments: # 1 (p.25) Proposed Order) (Koonce, Charlene) (Entered: 11/01/2022) |
| 11/01/2022 | 42 (p.716) | Appendix in Support filed by Receiver re 41 (p.704) MOTION to Supplement Order Appointing Receiver. (Koonce, Charlene) (Entered: 11/01/2022) |
| 11/01/2022 | 43 | ELECTRONIC ORDER: The Court ORDERS an expedited response to 41 (p.704) the Receiver's Motion to Supplement Order Appointing Receiver. Anyone wishing to respond must respond within ten (10) days. (Ordered by Judge Brantley Starr on 11/1/2022) (chmb) (Entered: 11/01/2022) |
| 11/02/2022 | 44 (p.756) | Unopposed MOTION to Intervene, MOTION to Stay *Proceedings* filed by United States of America (Attachments: # 1 (p.25) Proposed Order). Party United States of America added.Attorney Renee M Hunter-DOJ added to party United States of America(pty:intv) (Hunter-DOJ, Renee) (Entered: 11/02/2022) |
| 11/03/2022 | 45 | ***VACATED PER 48 ORDER***ORDER: The Court GRANTS 44 (p.756) the United States of America's Motion to Intervene and Stay Proceedings. This proceeding is STAYED until otherwise ordered by the Court. Nothing in this Order shall prevent the Court-appointed Receiver from performing the duties and exercising the powers set forth in Doc. No. 29 (p.605) the Court's Order Appointing Receiver. (Ordered by Judge Brantley Starr on 11/3/2022) (chmb) Modified on 11/4/2022 (ykp). (Entered: 11/03/2022) |

| | | |
|---|---|---|
| 11/03/2022 | 46 (p.767) | NOTICE of *INTENT TO FILE RESPONSE TO THE GOVERNMENT'S MOTION TO STAY PROCEEDINGS* re: 44 (p.756) Unopposed MOTION to Intervene MOTION to Stay *Proceedings* filed by Timothy Barton (Edney, Michael) (Entered: 11/03/2022) |
| 11/04/2022 | 47 (p.770) | MOTION for Order Governing Administration of Receivership Estate, Notice of Disposition of Certain Personal Property, and Brief in Support filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 (p.25) Proposed Order) (Koonce, Charlene) (Entered: 11/04/2022) |
| 11/04/2022 | 48 | ELECTRONIC ORDER: The Court VACATES its Order at Doc. No. 45 granting the Government's Motion to Intervene and Stay Proceedings. Defendant Barton, who opposes the motion, has ten (10) days from the date of this Order to file a response. The Government will then have five (5) days to reply. Each party's filing should address what communication it had with the other party regarding whether Defendant Barton opposed the Government's 44 (p.756) Motion to Intervene and Stay Proceedings. (Ordered by Judge Brantley Starr on 11/4/2022) (chmb) (Entered: 11/04/2022) |
| 11/04/2022 | 49 | ELECTRONIC ORDER: The Court ORDERS an expedited response to 47 (p.770) the Receiver's Motion for Order Governing Administration of Receivership Estate. Any response must be filed within ten (10) days of this Order. (Ordered by Judge Brantley Starr on 11/4/2022) (chmb) (Entered: 11/04/2022) |
| 11/07/2022 | 50 (p.794) | AFFIDAVIT re 29 (p.605) Order on Motion for Miscellaneous Relief by Bank of America, N.A.. (Moeller, Evan) (Entered: 11/07/2022) |
| 11/11/2022 | 51 (p.797) | RESPONSE AND OBJECTION filed by HNGH Turtle Creek re: 47 (p.770) MOTION for Order Governing Administration of Receivership Estate, Notice of Disposition of Certain Personal Property, and Brief in Support, 41 (p.704) MOTION to Supplement Order Appointing Receiver (Attachments: # 1 (p.25) Appendix) (Nealy Cox, Erin) (Entered: 11/11/2022) |
| 11/11/2022 | 52 (p.864) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by HNGH Turtle Creek. (Clerk QC note: Affiliate entry indicated). (Nealy Cox, Erin) (Entered: 11/11/2022) |
| 11/14/2022 | 53 (p.866) | RESPONSE filed by Maximilien Barton, Gillespie Villas LLC, Venus59 LLC, TRTX Properties LLC, MXBA LLC, Titan Investments LLC re: 41 (p.704) MOTION to Supplement Order Appointing Receiver (Attachments: # 1 (p.25) Exhibit(s) Appendix, # 2 (p.55) Proposed Order) (Baum, Nathan) (Entered: 11/14/2022) |
| 11/14/2022 | 54 (p.1089) | RESPONSE filed by Timothy Barton re: 44 (p.756) Unopposed MOTION to Intervene MOTION to Stay *Proceedings* (Attachments: # 1 (p.25) Proposed Order) (Edney, Michael) (Entered: 11/14/2022) |
| 11/14/2022 | 55 (p.1095) | RESPONSE filed by Timothy Barton re: 41 (p.704) MOTION to Supplement Order Appointing Receiver (Edney, Michael) (Entered: 11/14/2022) |
| 11/14/2022 | 56 (p.1105) | RESPONSE filed by Timothy Barton re: 47 (p.770) MOTION for Order Governing Administration of Receivership Estate, Notice of Disposition of Certain Personal Property, and Brief in Support (Edney, Michael) (Entered: 11/14/2022) |
| 11/14/2022 | 57 (p.1117) | Appendix in Support filed by Timothy Barton re 56 (p.1105) Response/Objection (Edney, Michael) (Entered: 11/15/2022) |

| | | |
|---|---|---|
| 11/15/2022 | 58 (p.1129) | Appendix in Support filed by Timothy Barton re 55 (p.1095) Response/Objection (Edney, Michael) (Entered: 11/15/2022) |
| 11/15/2022 | 59 (p.1172) | Agreed Motion for Second Extension of Time to File Answer filed by Timothy Barton (Attachments: # 1 (p.25) Proposed Order) (Edney, Michael) Modified text on 11/16/2022 (ygl). (Entered: 11/15/2022) |
| 11/16/2022 | 60 | ELECTRONIC ORDER granting 59 (p.1172) Motion for Extension of Time to File Answer. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Entered: 11/16/2022) |
| 11/16/2022 | 61 (p.1178) | Agreed Motion for Extension of Time to File Answer *Second Extension to File Answer Complaint* filed by Stephen T Wall (Attachments: # 1 (p.25) Proposed Order) (Heiskell, Michael) (Entered: 11/16/2022) |
| 11/16/2022 | 62 (p.1183) | ORDER: The Court GRANTS the Receivers 41 (p.704) Motion to Supplement Order Appointing Receiver as detailed herein. As to non-party HNGHs 51 (p.797) Response and Objection, the Court withholds judgment regarding the ownership of real property located at 2999 Turtle Creek Boulevard, Dallas, Texas 75219, because that question is not yet properly before the Court. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Entered: 11/16/2022) |
| 11/16/2022 | 63 (p.1189) | ORDER: The Court GRANTS the Receivers 47 (p.770) Motion for Order Governing Administration of Receivership Estate, Etc. As to non-party HNGHs 51 (p.797) Response and Objection, the Court withholds judgment regarding the ownership of real property located at 2999 Turtle Creek Boulevard, Dallas, Texas 75219, because that question is not yet properly before the Court. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Entered: 11/16/2022) |
| 11/16/2022 | 64 (p.1199) | ORDER: The Court GRANTS 44 (p.756) the United States of America's Motion to Intervene and Stay Proceedings. This proceeding is STAYED until otherwise ordered by the Court. Nothing in this Order shall prevent the Court-appointed Receiver from performing the duties and exercising the powers set forth in 29 (p.605) the Court's Order Appointing Receiver, as supplemented by 62 (p.1183) the Court's Order Supplementing the Order Appointing Receiver. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Main Document 64 replaced on 11/16/2022) (rekc). (Entered: 11/16/2022) |
| 11/16/2022 | 65 | ELECTRONIC ORDER: The Court VACATES AS MOOT 61 (p.1178) Stephen T. Wall's Motion for Extension of Time to File Answer in light of 64 (p.1199) the Court's Order staying proceedings. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Entered: 11/16/2022) |
| 11/17/2022 | 66 (p.1201) | NOTICE OF INTERLOCUTORY APPEAL as to 63 (p.1189) Order on Motion for Miscellaneous Relief, 33 Order on Motion to Amend/Correct, 62 (p.1183) Order on Motion for Miscellaneous Relief, 29 (p.605) Order on Motion for Miscellaneous Relief to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13311453. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please |

| | | |
|---|---|---|
| | | note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 11/17/2022) |
| 11/17/2022 | 67 (p.1203) | STATUS REPORT *Receiver's Initial Status Report* filed by Receiver. (Thomas, Cort) (Entered: 11/17/2022) |
| 11/21/2022 | 68 (p.1238) | AMENDED DOCUMENT by Bank of America, N.A.. Amendment to 50 (p.794) Affidavit. . (Moeller, Evan) (Entered: 11/21/2022) |
| 11/21/2022 | | USCA Case Number 22-11132 in USCA5 for 66 (p.1201) Notice of Appeal filed by Timothy Barton. (svc) (Entered: 11/21/2022) |
| 11/25/2022 | 69 (p.1241) | MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* filed by HNGH Turtle Creek (Attachments: # 1 (p.25) Proposed Order) (Nealy Cox, Erin) (Entered: 11/25/2022) |
| 11/25/2022 | 70 (p.1259) | Appendix in Support filed by HNGH Turtle Creek re 69 (p.1241) MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* (Nealy Cox, Erin) (Entered: 11/25/2022) |
| 11/28/2022 | 71 (p.1316) | MOTION to Stay *Pending Appeal* filed by Timothy Barton (Edney, Michael) (Entered: 11/28/2022) |
| 11/28/2022 | 72 (p.1342) | Appendix in Support filed by Timothy Barton re 71 (p.1316) MOTION to Stay *Pending Appeal* (Edney, Michael) (Entered: 11/28/2022) |
| 11/30/2022 | 73 (p.1362) | Brief/Memorandum in Support filed by Receiver re 41 (p.704) MOTION to Supplement Order Appointing Receiver *and Further Motion to Supplement* (Attachments: # 1 (p.25) Declaration(s) Part 1, # 2 (p.55) Declaration(s) Part 2) (Koonce, Charlene) (Entered: 11/30/2022) |
| 11/30/2022 | 74 (p.1882) | Appendix in Support filed by Receiver re 73 (p.1362) Brief/Memorandum in Support of Motion (Attachments: # 1 (p.25) Exhibit(s) Part 1, # 2 (p.55) Exhibit(s) Part 2) (Koonce, Charlene) (Entered: 11/30/2022) |
| 12/01/2022 | | Record on Appeal for USCA5 22-11132 (related to 66 (p.1201) appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (mcrd) (Entered: 12/01/2022) |
| 12/01/2022 | 75 | ELECTRONIC ORDER: The Court ORDERS an expedited response to 71 (p.1316) Timothy Barton's Motion to Stay Pending Appeal. A response is due by December 9th, with a reply due by December 12th. The Receiver may respond to this motion within this timeframe as well. (Ordered by Judge Brantley Starr on 12/1/2022) (chmb) (Entered: 12/01/2022) |
| 12/02/2022 | 76 (p.2377) | MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock |

| | | |
|---|---|---|
| | | Creek Property filed by Receiver (Attachments: # 1 (p.25) Proposed Order) (Koonce, Charlene) (Entered: 12/02/2022) |
| 12/02/2022 | 77 (p.2386) | Appendix in Support filed by Receiver re 76 (p.2377) MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property (Koonce, Charlene) (Entered: 12/02/2022) |
| 12/05/2022 | 78 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on the Receiver's 76 (p.2377) Motion for Appointment of Appraisers, Approval of Appraisals, and Setting a Hearing. A response is due by December 12, 2022, with a reply due by December 15, 2022. It is further ordered that on December 19, 2022, at 10:00 AM, the Court will hold a hearing to consider arguments and objections regarding confirmation of the sale described in the Motion. (Ordered by Judge Brantley Starr on 12/5/2022) (chmb) (Entered: 12/05/2022) |
| 12/05/2022 | 79 | NOTICE OF HEARING to consider arguments and objections regarding confirmation of the sale described in the Receiver's 76 (p.2377) Motion. Hearing set for 12/19/2022 10:00 AM in US Courthouse, Courtroom 1525, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Brantley Starr. (chmb) (Entered: 12/05/2022) |
| 12/07/2022 | 80 (p.2482) | NOTICE of Attorney Appearance by Jonathan Patton on behalf of Palisades-TC, LLC. (Filer confirms contact info in ECF is current.) (Patton, Jonathan) (Entered: 12/07/2022) |
| 12/07/2022 | 81 (p.2484) | RESPONSE filed by Timothy Barton re: 73 (p.1362) Brief/Memorandum in Support of Motion (Edney, Michael) (Entered: 12/07/2022) |
| 12/07/2022 | 82 (p.2490) | RESPONSE filed by Maximilien Barton, Gillespie Villas LLC, MXBA LLC, TRTX Properties LLC, Titan Investments LLC, Venus59 LLC re: 73 (p.1362) Brief/Memorandum in Support of Motion (Attachments: # 1 (p.25) Appendix to Response to Supplemental Motion) (Baum, Nathan) (Entered: 12/07/2022) |
| 12/09/2022 | 83 (p.2510) | RESPONSE filed by Securities and Exchange Commission re: 71 (p.1316) MOTION to Stay *Pending Appeal* (Attachments: # 1 (p.25) Proposed Order) (Bernstein, Keefe) (Entered: 12/09/2022) |
| 12/09/2022 | 84 (p.2527) | RESPONSE filed by Receiver re: 71 (p.1316) MOTION to Stay *Pending Appeal* (Koonce, Charlene) (Entered: 12/09/2022) |
| 12/09/2022 | 85 (p.2547) | Appendix in Support filed by Receiver re 84 (p.2527) Response/Objection (Koonce, Charlene) (Entered: 12/09/2022) |
| 12/12/2022 | 86 (p.2598) | MOTION for Extension of Time to File Response/Reply to 76 (p.2377) MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property, 71 (p.1316) MOTION to Stay *Pending Appeal* filed by Timothy Barton (Attachments: # 1 (p.25) Proposed Order) (Huffman, Edwin) (Entered: 12/12/2022) |
| 12/12/2022 | 87 | ELECTRONIC ORDER granting 86 (p.2598) Motion to Extend Time to File Response/Reply. Defendant Timothy Barton's response to 76 (p.2377) the Receiver's Motion for Appointment of Appraisers, etc., and his reply the SEC's response to his 71 (p.1316) Motion to Stay are both due tomorrow, December 13, 2022. (Ordered by Judge Brantley Starr on 12/12/2022) (chmb) (Entered: 12/12/2022) |
| 12/13/2022 | 88 | ORDER: The Court GRANTS the Receiver's 73 (p.1362) Motion to Supplement |

| | | |
|---|---|---|
| | (p.2604) | Order Appointing Receiver. (Ordered by Judge Brantley Starr on 12/13/2022) (chmb) (Entered: 12/13/2022) |
| 12/13/2022 | 89 (p.2615) | NOTICE of *Intended Sale of Personal Property* filed by Receiver (Koonce, Charlene) (Entered: 12/13/2022) |
| 12/13/2022 | 90 (p.2620) | REPLY filed by Timothy Barton re: 71 (p.1316) MOTION to Stay *Pending Appeal* (Edney, Michael) (Entered: 12/13/2022) |
| 12/13/2022 | 91 (p.2633) | RESPONSE AND OBJECTION filed by Timothy Barton re: 76 (p.2377) MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property (Edney, Michael) (Entered: 12/13/2022) |
| 12/13/2022 | 92 (p.2653) | Appendix in Support filed by Timothy Barton re 91 (p.2633) Response/Objection, *to Motion for Sale of Rock Creek Property [ECF No. 76], and Cross-Motion for Order Prohibiting Sale of Personal Property Located at Rock Creek Home* (Edney, Michael) (Entered: 12/13/2022) |
| 12/15/2022 | 93 (p.2658) | REPLY filed by Receiver re: 76 (p.2377) MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property (Koonce, Charlene) (Entered: 12/15/2022) |
| 12/15/2022 | 94 (p.2669) | RESPONSE filed by Receiver re: 69 (p.1241) MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* (Koonce, Charlene) (Entered: 12/15/2022) |
| 12/15/2022 | 95 (p.2677) | MOTION to Ratify Agreement with DLP Capital and Other DLP Entities filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 (p.25) Exhibit(s) A - Agreement, # 2 (p.55) Proposed Order) (Thomas, Cort) (Entered: 12/15/2022) |
| 12/16/2022 | 96 (p.2709) | MOTION Verified and Emergency Motion to Declare Lis Pendens Void filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 (p.25) Exhibit(s) A, # 2 (p.55) Proposed Order) (Koonce, Charlene) (Entered: 12/16/2022) |
| 12/16/2022 | 97 (p.2719) | RESPONSE filed by Timothy Barton re: 69 (p.1241) MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* (Edney, Michael) (Entered: 12/16/2022) |
| 12/16/2022 | 98 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on 95 (p.2677) the Receiver's Motion to Ratify Agreement with DLP Capital and Other DLP Entities. Any response is due by the close of business on Tuesday, December 20, 2022. (Ordered by Judge Brantley Starr on 12/16/2022) (chmb) (Entered: 12/16/2022) |
| 12/16/2022 | 99 (p.2728) | ORDER: The Court GRANTS IN PART 76 (p.2377) the Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property. (Ordered by Judge Brantley Starr on 12/16/2022) (chmb) (Entered: 12/16/2022) |
| 12/16/2022 | | Hearing/Deadline Modification: Hearing set per 99 (p.2728) Order. Hearing set for 12/19/2022 10:00 AM before Judge Brantley Starr. (axm) (Entered: 12/19/2022) |
| 12/18/2022 | 100 (p.2731) | NOTICE of *Publication Regarding Sale of Rock Creek Property* re: 76 (p.2377) MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property filed by Receiver (Thomas, Cort) (Entered: 12/18/2022) |

| | | |
|---|---|---|
| 12/19/2022 | 101 (p.2734) | Appendix in Support filed by Receiver re 100 (p.2731) Notice (Other), *of Publication Regarding Sale of Rock Creek Property* (Thomas, Cort) (Entered: 12/19/2022) |
| 12/19/2022 | 102 (p.2738) | RESPONSE AND OBJECTION filed by Timothy Barton re: 96 (p.2709) MOTION Verified and Emergency Motion to Declare Lis Pendens Void (Edney, Michael) (Entered: 12/19/2022) |
| 12/19/2022 | 103 | Minute Entry for proceedings held before Judge Brantley Starr: Hearing on approval of sale held on 12/19/2022. Statements heard from Ms. Koonce, Mr. Edney and Mr. Bernstein. Court to issue order with ruling. Court is adjourn.. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Michael Edney, Ted Huffman, Receiver - Charlene Koonce, Cort Thomas (No exhibits)(Court Reporter Kelli Ann Willis.) (Frye, Kevin) (Entered: 12/19/2022) |
| 12/20/2022 | 104 (p.2744) | ORDER GRANTING MOTION TO APPROVE SALE: The Court GRANTS the Receiver's motion for sale of the Property [Doc. No. 76 (p.2377) ] and DENIES Barton's motion to prohibit the sale [Doc. No. 91 (p.2633) ]. The Court GRANTS the Receiver's motion to declare the lis pendens void and ORDERS Barton to pay, within three days of this Order, $1,200 to the Receiver for fees incurred in opposing the lis pendens. [Doc. No. 96 (p.2709) ]. During the hearing, defense counsel made an oral motion to stay the sale of the Property should the Court find that selling it is in the Receiverships best interest. For the reasons stated at the hearing, the Court DENIES that oral motion. (Ordered by Judge Brantley Starr on 12/20/2022) (ndt) (Entered: 12/20/2022) |
| 12/20/2022 | 105 (p.2747) | NOTICE of Attorney Appearance by Eliot Dana Shavin for Corinna Chandler and Daniel Alexander on behalf of David Dhiraj Ramolia. (Shavin, Eliot) (Entered: 12/20/2022) |
| 12/20/2022 | 106 (p.2749) | RESPONSE AND OBJECTION filed by Timothy Barton re: 95 (p.2677) MOTION to Ratify Agreement with DLP Capital and Other DLP Entities (Edney, Michael) (Entered: 12/20/2022) |
| 12/20/2022 | 107 (p.2758) | Appendix in Support filed by Timothy Barton re 106 (p.2749) Response/Objection *to the Receivers Verified Motion To Ratify Agreement With DLP Capital and Other DLP Entities* (Edney, Michael) (Entered: 12/20/2022) |
| 12/21/2022 | 108 (p.2785) | NOTICE OF INTERLOCUTORY APPEAL as to 104 (p.2744) Order on Motion for Miscellaneous Relief,, to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13393416. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 12/21/2022) |
| 12/21/2022 | 109 (p.2787) | ORDER granting Receiver's 95 (p.2677) Motion to Ratify Agreement With DLP Capital and Other DLP Entities (Ordered by Judge Brantley Starr on 12/21/2022) (rekc) Modified date filed on 12/22/2022 (rekc). (Entered: 12/22/2022) |

| | | |
|---|---|---|
| 12/22/2022 | 110 (p.2789) | MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property filed by Receiver (Attachments: # 1 (p.25) Proposed Order) (Thomas, Cort) (Entered: 12/22/2022) |
| 12/22/2022 | 111 (p.2797) | Appendix in Support filed by Receiver re 110 (p.2789) MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property (Thomas, Cort) (Entered: 12/22/2022) |
| 12/23/2022 | 112 (p.2952) | NOTICE OF INTERLOCUTORY APPEAL as to 109 (p.2787) Order on Motion for Miscellaneous Relief to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13396690. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 12/23/2022) |
| 12/23/2022 | 113 (p.2954) | NOTICE of Attorney Appearance by Daniel Rasoul Alexander on behalf of David Dhiraj Ramolia. (Filer confirms contact info in ECF is current.) (Alexander, Daniel) (Entered: 12/23/2022) |
| 12/27/2022 | 114 (p.2957) | MOTION to Stay re 109 (p.2787) Order on Motion for Miscellaneous Relief filed by Timothy Barton with Brief/Memorandum in Support. (Attachments: # 1 (p.25) Proposed Order) (Edney, Michael) (Entered: 12/27/2022) |
| 12/29/2022 | 115 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on 110 (p.2789) the Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property, and Setting Hearing Regarding Approval of Sale, and 114 (p.2957) Barton's Motion to Stay. As to 110 (p.2789) , the response is due January 9, 2023, with a reply due January 12, 2023. As to 114 (p.2957) , the response is due January 4, 2023, with a reply due January 9, 2023. (Ordered by Judge Brantley Starr on 12/29/2022) (chmb) (Entered: 12/29/2022) |
| 12/29/2022 | 116 (p.2968) | REPLY filed by HNGH Turtle Creek re: 94 (p.2669) Response/Objection (Nealy Cox, Erin) (Entered: 12/29/2022) |
| 12/29/2022 | 117 (p.2977) | REPLY filed by HNGH Turtle Creek re: 69 (p.1241) MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* (Nealy Cox, Erin) (Entered: 12/29/2022) |
| 01/04/2023 | 118 (p.2987) | Transcript Order Form: re 108 (p.2785) Notice of Appeal,,,, transcript requested by Timothy Barton for Hearing on approval of sale held 12/19/22 (Court Reporter: Kelli Ann Willis.) Payment method: Private funds - Requester has obtained the estimate from the reporter and has paid or will pay the cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Edney, Michael) (Entered: 01/04/2023) |
| 01/04/2023 | 119 (p.2989) | RESPONSE filed by Receiver re: 114 (p.2957) MOTION to Stay re 109 (p.2787) Order on Motion for Miscellaneous Relief (Koonce, Charlene) (Entered: |

| | | |
|---|---|---|
| | | 01/04/2023) |
| 01/04/2023 | 120 (p.3008) | Appendix in Support filed by Receiver re 119 (p.2989) Response/Objection (Koonce, Charlene) (Entered: 01/04/2023) |
| 01/06/2023 | 121 (p.4256) | Notice of Filing of Official Electronic Transcript of Sale Approval Proceedings held on 12-19-2022 before Judge Brantley Starr. Court Reporter/Transcriber Kelli Ann Willis, Telephone number 214-753-2654. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (72 pages) Redaction Request due 1/27/2023. Redacted Transcript Deadline set for 2/6/2023. Release of Transcript Restriction set for 4/6/2023. (kaw) (Main Document 121 replaced on 1/10/2023) (chmb). Modified on 1/10/2023 (chmb). (Entered: 01/06/2023) |
| 01/06/2023 | | USCA Case Number 22-11242 for 112 (p.2952) Notice of Appeal filed by Timothy Barton. (svc) (Entered: 01/06/2023) |
| 01/06/2023 | 122 (p.3023) | ORDER of USCA IT IS ORDERED that Appellant's opposed motion to stay the district court's order appointing a Receiver, pending appeal, is DENIED. IT IS FURTHER ORDERED that Appellant's opposed alternative motion to stay several components of that order and others that have become part of it, pending appeal, is DENIED as to 108 (p.2785) Notice of Appeal filed by Timothy Barton, 66 (p.1201) Notice of Appeal filed by Timothy Barton, 112 (p.2952) Notice of Appeal filed by Timothy Barton. (svc) (Entered: 01/09/2023) |
| 01/09/2023 | 123 (p.3024) | NOTICE of *Non-Opposition* re: 110 (p.2789) MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property filed by Timothy Barton (Edney, Michael) (Entered: 01/09/2023) |
| 01/09/2023 | 124 (p.3028) | REPLY filed by Timothy Barton re: 114 (p.2957) MOTION to Stay re 109 (p.2787) Order on Motion for Miscellaneous Relief (Edney, Michael) (Entered: 01/09/2023) |
| 01/10/2023 | 125 (p.3038) | Corrected REPLY filed by Timothy Barton re: 114 (p.2957) MOTION to Stay re 109 (p.2787) Order on Motion for Miscellaneous Relief (Edney, Michael) Modified text on 1/10/2023 per Attorney Michael Edney(sxf). (Entered: 01/10/2023) |
| 01/10/2023 | 126 (p.3048) | NOTICE of *REQUEST FOR NOTICE OF FILINGS* filed by Southern Star Capital, LLC (Buchholz, Robert) (Entered: 01/10/2023) |
| 01/11/2023 | 127 (p.3051) | NOTICE of Attorney Appearance by Aaron Thomas Capps on behalf of Circle H Contractors, LP. (Filer confirms contact info in ECF is current.) (Capps, Aaron) (Entered: 01/11/2023) |
| 01/12/2023 | 128 (p.3053) | ORDER: The Court GRANTS IN PART the Receiver's 110 (p.2789) Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property, and Setting Hearing Regarding Approval of Sale. (Ordered by Judge Brantley Starr on 1/12/2023) (chmb) (Entered: 01/12/2023) |
| 01/12/2023 | 129 | |

| | | |
|---|---|---|
| | | ELECTRONIC Notice of Hearing on Motion 110 (p.2789) set for 1/30/2023 02:00 PM in US Courthouse, Courtroom 1525, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Brantley Starr. (chmb) (Entered: 01/12/2023) |
| 01/12/2023 | 130 (p.3056) | NOTICE OF INTERLOCUTORY APPEAL as to 88 (p.2604) Order to the Fifth Circuit by Maximilien Barton, Gillespie Villas LLC, TRTX Properties LLC, Titan Investments LLC, Venus59 LLC. Filing fee $505, receipt number ATXNDC-13437910. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Baum, Nathan) (Entered: 01/12/2023) |
| 01/17/2023 | 131 | AMENDED NOTICE OF HEARING: The Court RESCHEDULES the Hearing on Motion 110 (p.2789) set by the Court's order 128 (p.3053) . The Hearing is set for 1/31/2023 at 02:00 PM in US Courthouse, Courtroom 1525, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Brantley Starr. (chmb) (Entered: 01/17/2023) |
| 01/17/2023 | | Record on Appeal for USCA5 22-11226 (related to 108 (p.2785) appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, 1 Volume(s) electronic transcript,.<br>**PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (mcrd) (Entered: 01/17/2023) |
| 01/17/2023 | 132 (p.3059) | ORDER denying 71 (p.1316) Motion to Stay. (Ordered by Judge Brantley Starr on 1/17/2023) (chmb) (Entered: 01/17/2023) |
| 01/19/2023 | 133 (p.3077) | MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) (Entered: 01/19/2023) |
| 01/19/2023 | 134 (p.3098) | Appendix in Support filed by Receiver re 133 (p.3077) MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* (Koonce, Charlene) (Entered: 01/19/2023) |
| 01/26/2023 | 135 (p.3180) | Transcript Order Form: re 130 (p.3056) Notice of Appeal,,,, transcript not requested Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court.. (Baum, Nathan) (Entered: 01/26/2023) |
| 01/30/2023 | | |

| | | |
|---|---|---|
| | | Record on Appeal for USCA5 23-10046 (related to 130 (p.3056) appeal): Record consisting of: 10 ECF electronic record on appeal (eROA) is certified, 1 Volume(s) electronic transcript,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (svc) (Entered: 01/30/2023) |
| 01/30/2023 | 136 | AMENDED NOTICE OF HEARING: Due to the risk of inclement weather tomorrow, the Motion Hearing set for 1/31/2023 at 02:00 PM will take place over telephone instead of in person. The Court will send call-in information to the parties before the hearing. (chmb) (Entered: 01/30/2023) |
| 01/30/2023 | 137 (p.3182) | NOTICE of *Publication Regarding Sale of Frisco Property and Notice of Addendum to Purchase and Sale Contract* re: 110 (p.2789) MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property, 131 Notice of Hearing, filed by Receiver (Thomas, Cort) (Entered: 01/30/2023) |
| 01/30/2023 | 138 (p.3185) | Appendix in Support filed by Receiver re 137 (p.3182) Notice (Other), *of Publication Regarding Sale of Frisco Gate Property and Notice of Addendum to Purchase and Sale Contract* (Thomas, Cort) (Entered: 01/30/2023) |
| 01/30/2023 | 139 (p.3193) | STATUS REPORT *Second Status Report of Receiver (4Q22)* filed by Receiver. (Attachments: # 1 (p.25) Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 01/30/2023) |
| 01/31/2023 | 140 | ELECTRONIC Minute Entry for proceedings held before Judge Brantley Starr: Telephone Hearing held on 1/31/2023, re: Approval of Sale of Frisco Gate Property. Court to enter order approving sale. Court to enter order approval sale. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Richard Roper, Jonathan Patton, Daniel Alexander, Robert Buchholz; Receivers - Charlene Koonce, Cort Thomas (Court Reporter: Kelli Ann Willis) (No exhibits) Time in Court - :10. (chmb) (Entered: 01/31/2023) |
| 01/31/2023 | 141 (p.3256) | AFFIDAVIT re 62 (p.1183) Order on Motion for Miscellaneous Relief, 29 (p.605) Order on Motion for Miscellaneous Relief, 88 (p.2604) Order *Second Amended Certified Statement* by Bank of America, N.A.. (Moeller, Evan) (Entered: 01/31/2023) |
| 01/31/2023 | 142 (p.3259) | ORDER: For the reasons stated at today's hearing, the Court GRANTS 110 (p.2789) the Receiver's motion to approve the sale of property. (Ordered by Judge Brantley Starr on 1/31/2023) (chmb) (Entered: 01/31/2023) |
| 02/01/2023 | 143 (p.3261) | MOTION to Ratify Agreement with Lumar Land & Cattle and Brief in Support filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) (Entered: 02/01/2023) |
| 02/01/2023 | 144 (p.3269) | Appendix in Support filed by Receiver re 143 (p.3261) MOTION to Ratify Agreement with Lumar Land & Cattle and Brief in Support (Koonce, Charlene) |

| | | |
|---|---|---|
| | | (Entered: 02/01/2023) |
| 02/02/2023 | 145 (p.4328) | Notice of Filing of Official Electronic Transcript of Sale Approval Proceedings held on 01-31-23 before Judge Brantley Starr. Court Reporter/Transcriber Kelli Ann Willis, Telephone number 214-753-2654. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (17 pages) Redaction Request due 2/23/2023. Redacted Transcript Deadline set for 3/6/2023. Release of Transcript Restriction set for 5/3/2023. (kaw) (Entered: 02/02/2023) |
| 02/02/2023 | 146 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on the Receiver's 143 (p.3261) Motion to Ratify Agreement, with a response due February 10, 2023, and a reply due February 15, 2023. (Ordered by Judge Brantley Starr on 2/2/2023) (chmb) (Entered: 02/02/2023) |
| 02/02/2023 | 147 (p.3281) | Unopposed MOTION to Withdraw 13 (p.528) Notice of Attorney Appearance filed by Timothy Barton with Brief/Memorandum in Support. (Attachments: # 1 (p.25) Proposed Order) (Roper, Richard) (Entered: 02/02/2023) |
| 02/03/2023 | 148 | ELECTRONIC ORDER granting 147 (p.3281) Motion to Withdraw as Counsel for attorneys Richard B. Roper and Javan Porter. (Ordered by Judge Brantley Starr on 2/3/2023) (chmb) (Entered: 02/03/2023) |
| 02/06/2023 | 149 (p.3285) | MOTION for Extension of Time to File Response/Reply to 133 (p.3077) MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* filed by Timothy Barton (Attachments: # 1 (p.25) Proposed Order) (Huffman, Edwin) (Entered: 02/06/2023) |
| 02/07/2023 | 150 | ELECTRONIC ORDER granting 149 (p.3285) Motion to Extend Time to File Response. The new deadline for Defendant's response is February 16, 2023. (Ordered by Judge Brantley Starr on 2/7/2023) (chmb) (Entered: 02/07/2023) |
| 02/09/2023 | 151 (p.3289) | Supplemental Document by HNGH Turtle Creek as to 69 (p.1241) MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* . (Nealy Cox, Erin) (Entered: 02/09/2023) |
| 02/09/2023 | 152 (p.3296) | Supplemental Document by HNGH Turtle Creek as to 70 (p.1259) Appendix in Support *of Motion to Intervene and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard*. (Nealy Cox, Erin) (Entered: 02/09/2023) |
| 02/10/2023 | 153 (p.3372) | NOTICE of Attorney Appearance by Ian Edward Fullington on behalf of MFO Venus Development, LLC. (Filer confirms contact info in ECF is current.) (Fullington, Ian) (Entered: 02/10/2023) |
| 02/10/2023 | 154 | ELECTRONIC ORDER granting in part and denying in part 69 (p.1241) Motion to Intervene and to Confirm Ownership of Property. The Court GRANTS permission to intervene and DENIES the request to confirm ownership of the property at issue. The Court ORDERS the parties to mediate their dispute, and APPOINTS Judge Harlin Hale as mediator. (Ordered by Judge Brantley Starr on 2/10/2023) (chmb) (Entered: 02/10/2023) |

| | | |
|---|---|---|
| 02/10/2023 | 155 (p.3374) | Response in Opposition filed by Timothy Barton re 143 (p.3261) MOTION to Ratify Agreement with Lumar Land & Cattle and Brief in Support *(Response Brief)* (Attachments: # 1 (p.25) Exhibit(s) A) (Edney, Michael) Modified docket text on 2/13/2023 (ykp). (Entered: 02/10/2023) |
| 02/14/2023 | 156 (p.3455) | MOTION First Quarterly Fee Application (4Q22) filed by Receiver (Attachments: # 1 (p.25) Proposed Order) (Thomas, Cort) (Entered: 02/14/2023) |
| 02/14/2023 | 157 (p.3472) | Appendix in Support filed by Receiver re 156 (p.3455) MOTION First Quarterly Fee Application (4Q22) (Thomas, Cort) (Entered: 02/14/2023) |
| 02/15/2023 | 158 (p.3570) | NOTICE of *INTENT TO FILE OPPOSITION TO THE RECEIVERS FIRST QUARTERLY FEE APPLICATION* re: 156 (p.3455) MOTION First Quarterly Fee Application (4Q22) filed by Timothy Barton (Edney, Michael) (Entered: 02/15/2023) |
| 02/15/2023 | 159 (p.3572) | REPLY filed by Receiver re: 143 (p.3261) MOTION to Ratify Agreement with Lumar Land & Cattle and Brief in Support (Koonce, Charlene) (Entered: 02/15/2023) |
| 02/16/2023 | 160 (p.3580) | RESPONSE filed by Timothy Barton re: 133 (p.3077) MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* (Attachments: # 1 (p.25) Declaration(s)) (Edney, Michael) (Entered: 02/16/2023) |
| 02/22/2023 | 161 (p.3645) | MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Parc at Windmill Farms filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 (p.25) Proposed Order) (Koonce, Charlene) (Entered: 02/22/2023) |
| 02/22/2023 | 162 (p.3659) | Appendix in Support filed by Receiver re 161 (p.3645) MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Parc at Windmill Farms (Attachments: # 1 (p.25) Exhibit(s)) (Koonce, Charlene) (Entered: 02/22/2023) |
| 02/22/2023 | 163 (p.3972) | ORDER granting 143 (p.3261) Motion to Ratify. (Ordered by Judge Brantley Starr on 2/22/2023) (chmb) (Entered: 02/22/2023) |
| 02/22/2023 | 164 (p.3974) | MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Bellwether Ridge filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 (p.25) Proposed Order) (Koonce, Charlene) (Entered: 02/22/2023) |
| 02/22/2023 | 165 (p.3988) | Appendix in Support filed by Receiver re 164 (p.3974) MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Bellwether Ridge (Attachments: # 1 (p.25) Exhibit(s)) (Koonce, Charlene) (Entered: 02/22/2023) |

# Tab 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **No. 3:22-CV-2118-X** |
| | § | |
| **TIMOTHY LYNCH BARTON** | § | |
| **CARNEGIE DEVELOPMENT, LLC** | § | |
| **WALL007, LLC** | § | |
| **WALL009, LLC** | § | |
| **WALL010, LLC** | § | |
| **WALL011, LLC** | § | |
| **WALL012, LLC** | § | |
| **WALL016, LLC** | § | |
| **WALL017, LLC** | § | |
| **WALL018, LLC** | § | |
| **WALL019, LLC** | § | |
| **HAOQIANG FU (a/k/a MICHAEL FU)** | § | |
| **STEPHEN T. WALL** | § | |
| | § | |
| ***Defendants,*** | § | |
| | § | |
| **DJD LAND PARTNERS, LLC** | § | |
| **LDG001, LLC** | § | |
| | § | |
| ***Relief Defendants.*** | § | |

**DEFENDANT'S NOTICE OF APPEAL**

PLEASE TAKE NOTICE that Defendant Timothy Lynch Barton, by counsel, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the Court's Order entered on December 21, 2022 (ECF No. 109), which granted the Receiver's Motion to Ratify Agreement with DLP Capital and Other DLP Entities (ECF No. 95).

Dated: December 23, 2022.

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.*)
medney@huntonak.com
Michael Dingman
Virginia Bar No. 95762
DC Bar No. 90001474 (*admitted pro hac vice*)
mdingman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

Ted A. Huffman
State Bar No. 24089015
thuffman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-3000
Facsimile: (214) 740-7110

Richard Roper
State Bar No. 17233700
richard.roper@hklaw.com
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1345
Facsimile: (214) 999-9252

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On December 23, 2022 I filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to counsel of record for all parties.

*/s/ Michael J. Edney*
Michael J. Edney

# Tab 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (a/k/a MICHAEL FU),<br>STEPHEN T. WALL,<br><br>*Defendants*,<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>*Relief Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:22-cv-2118-X |

**ORDER GRANTING RECEIVER'S MOTION TO RATIFY AGREEMENT WITH DLP CAPITAL AND OTHER DLP ENTITIES**

Before the Court is the Receiver's Motion to Ratify Agreement with DLP Capital and Other DLP Entities.[1] [Doc. No. 95]. The Court notes that the Receiver

[1] The "DLP Entities" include DLP Real Estate Capital, Inc., DLP Winter Haven Ventures, LLC, Orchard Farms Ventures, LLC, and Marine Creek Ventures, LLC. Doc. No. 95 at 1.

was not obligated to obtain the Court's approval for this action,[2] but it agrees with the Receiver that his proposed agreement with the DLP Entities, as described in the instant motion,[3] is in the best interests of the Receivership. Accordingly, the Court **GRANTS** the motion and **RATIFIES** the Receiver's agreement with the DLP Entities.

**IT IS SO ORDERED,** this 21st day of December, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[2] *See* Doc. No. 29 (granting the Receiver the power to, "without further Order of th[e] Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property").

[3] Doc. No. 95 at 10–30.

# Tab 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| *Plaintiff,* | § | |
| **v.** | § | **No. 3:22-cv-2118-X** |
| **TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL,** | § | |
| *Defendants,* | § | |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC,** | § | |
| ***Relief Defendants*.** | § | |

**RECEIVER'S VERIFIED MOTION TO RATIFY AGREEMENT**
**WITH DLP CAPITAL AND OTHER DLP ENTITIES AND BRIEF IN SUPPORT**

Cort Thomas, the Receiver appointed in the above-styled case, moves the Court for an Order approving the Receiver's settlement agreement (the "Agreement") with DLP Real Estate Capital, Inc. ("DLP Capital"); DLP Winter Haven Ventures, LLC ("DLP Winter Haven"); Orchard Farms Ventures, LLC ("Orchard Farms Ventures"); and Marine Creek Ventures, LLC ("Marine Creek Ventures") and collectively with DLP Capital, DLP Winter Haven, and Orchard Farms Venture, the "DLP Entities") and would respectfully show the Court as follows:

# I. INTRODUCTION

On October 18, 2022, the Court entered its Order Appointing Receiver [Dkt. 29] (the "Receivership Order"), which named Cort Thomas as Receiver for the Receivership Entities[1] and directed him to take custody, control, and possession of all Receivership Property. Receivership Order ¶ 6(B). The Receivership Order also directs the Receiver to "[e]nter into and cancel contracts . . . as the Receiver deems necessary or advisable" and "[t]o pursue, resist, defend, compromise or otherwise dispose of all . . . claims[] and demands which may now be pending or which may be brought by or asserted against the Receivership Entities." Receivership Order ¶¶ 6(H), 6(J). Finally, the Receivership Order gives the Receiver the ability, "without further Order of th[e] Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property. *Id.* ¶ 39.

The instant Motion relates to the Receiver's efforts to compromise various contractual rights and obligations between various Receivership Entities and the DLP Entities. While the express terms of the Receivership Order outlined above do not require the Receiver to obtain Court approval of these efforts, he nevertheless seeks the Court's ratification of the Agreement here because the DLP Entities have requested such ratification prior to making the payments outlined below and in the Agreement.

# II. BACKGROUND

## A. The DLP Transactions

Certain Receivership Entities and the DLP Entities entered into a series of transactions in late 2021:

[1] Capitalized terms used but not defined herein shall have the meanings provided in the Receivership Order.

First, on or about October 11, 2021, DLP Winter Haven acquired 3800 Avenue J, Winter Haven FL 33881 from AVG WEST, LLC (f/k/a JMJ Acquisitions LLC), a Receivership Entity. The purchase price ($2,000,0000) and the developer fee ($2,200,000) were paid in full, and it appears that transaction was complete as of approximately May 2022 (collectively, the "Winter Haven Transaction").

Second, on or about December 22, 2021, Orchard Farms Ventures acquired approximately 100.223 acres that are generally located along Shelby Road, west of Rendon Road, in Fort Worth, Texas from Orchard Farms Village, LLC ("Orchard Farms Village"), a Receivership Entity. The purchase price ($7,856,500) was paid in full. In addition to the sale of the real property, Orchard Farms Ventures engaged Orchard Farms Developments, LLC ("Orchard Farms Development"), a Receivership Entity, to provide certain development services (the "Orchard Farms Development Agreement"). Moreover, via a separate Participation Agreement dated December 30, 2021, Orchard Farms Ventures granted Orchard Farms Village a participation fee payable upon substantial completion or as otherwise accelerated (the "Orchard Farms Participation Agreement"). These agreements are collectively referred to herein as the "Orchard Farms Transaction."

Third, on or about December 23, 2021, Marine Creek Ventures acquired approximately 40.20 acres that are generally located at the intersection of Loop 820 and Huffines Boulevard in Fort Worth, Texas from Mansions Apartment Homes At Marine Creek, LLC ("Mansions"), a Receivership Entity. The purchase price ($10,000,000) was paid in full. In addition to the sale of the real property, Marine Creek Ventures engaged Marine Creek Developments, LLC ("Marine Creek Development"), a Receivership Entity, to provide certain development services (the "Marine Creek Development Agreement"). Marine Creek Ventures also engaged La Jolla

Construction Management, LLC ("La Jolla"), another Receivership Entity, to provide construction management services (the "Marine Creek Construction Management Agreement"). Moreover, via a separate Participation Agreement signed in January 2022, Mansion Creek Ventures granted Marine Creek SP LLC a participation fee payable upon substantial completion or as otherwise accelerated (the "Marine Creek Participation Agreement"). These agreements are collectively referred to herein as the "Marine Creek Transaction."

The Winter Haven Transaction, the Orchard Farms Transaction, and the Marine Creek Transaction are collectively referred to herein as the "DLP Transactions."

**B. Negotiations with the DLP Entities.**

Shortly after receiving his appointment and in furtherance of the mandates in the Receivership Order, the Receiver began contacting various individuals and entities with ties to the Receivership Entities, including the DLP Entities. The Receiver quickly learned that, well in advance of the entry of the Receivership Order, Defendant Barton and the contractually-obligated Receivership Entities had become unresponsive and began defaulting on their ongoing obligations to the DLP Entities under the DLP Transactions. Indeed, on October 18, 2022, DLP sent letters to Orchard Farms Development, Marine Creek Development, and La Jolla that those Receivership Entities (i) were in breach under the Orchard Farms Development Agreement, Marine Creek Development Agreement, and the Marine Creek Construction Management Agreement, respectively; and (ii) afforded said Receivership Entities 30 days to cure such breach.

On or about October 31, 2022, the Receiver met with counsel to the DLP Entities to discuss the Receivership Entities' pre-Receivership breaches of these agreements and whether continuation under the Orchard Farms Development Agreement, Marine Creek Development Agreement, and the Marine Creek Construction Management Agreement was feasible. The

parties agreed that termination of these agreements was necessary and further agreed that the DLP entities should proceed to mitigate their damages by engaging suitable replacement service providers.

After the October 31 meeting, the Parties engaged in protracted settlement discussions, with the exchange of multiple offers and counter-offers, before ultimately reaching an agreement in principle on or about December 6, 2022 regarding the terms under which the agreements would be terminated. The Court, over Barton's objection, entered its Order Granting Receiver's Motion to Supplement Order Appointing Receiver [Dkt. 88] on December 13, 2022, which confirmed that Marine Creek SP, LLC is a Receivership Entity.

## III. ARGUMENT

To avoid the expense and uncertainty of potential litigation, as well as the continuing damages and uncertainty surrounding the Orchard Farms Development Agreement, Marine Creek Development Agreement, and the Marine Creek Construction Management Agreement, the Receiver and the DLP Entities agreed to fully settle any claims each party has under the DLP Transactions by the DLP Entities paying to the Receiver the sum of $750,000 (the "Settlement Payment"). A true and correct copy of the Settlement Agreement between the Receiver and the DLP Entities is attached hereto Exhibit A. Pursuant to the terms of the Settlement Agreement, the Settlement Payment will be made by the DLP Parties to the Receiver within fifteen (15) days after this Court ratifies the Agreement.

The Receiver believes the Agreement with the DLP Entities is in the best interest of the receivership because, among other things, the Agreement

(1) brings much needed capital into the Receivership Estate, which will enable the Receiver to continue managing the Receivership Assets in accordance with the Receivership Order;

(2) minimizes the amount of monetary damages owed to the DLP Entities as a result of the Receivership Entities' pre- and post-receivership breaches of the Orchard Farms Development Agreement, Marine Creek Development Agreement, and the Marine Creek Construction Management Agreement, which damages continued to accrue on a daily basis;

(3) similarly minimizes the attorneys' fees and expenses that would otherwise be incurred by the Receiver in pursuit or defense of any claims surrounding the DLP Transactions;

(4) avoids the uncertainty surrounding the value of the Receivership Entities' participation in the properties given (a) the current instability in the market and the economy at large, (b) the delays in construction on the properties, and (c) the varying amounts of debt on the properties;

(5) perhaps most importantly, maximizes the value received by the Receivership because (a) the Participation Agreements only entitle the Receivership Entities to a percentage of the "Achieved Increased Value" after the sale of the properties, (b) limited construction has occurred on the properties to date, and thus substantial increases in value have not yet occurred, (c) nevertheless, the DLP Entities have agreed to apply a valuation methodology that estimates what the value of the project will be upon stabilization and then discounts that value to present value, (d) one real estate consultant who advised the Receiver has indicated that the valuation methodology and execution of that methodology by DLP Capital were both reasonable, and yet (e) the Settlement Payment still greatly exceeds this discounted income capitalization approach; and

(6) reviewing the totality of the situation from a position of equity, the Participation Agreements appear to have been designed to reward Defendant Barton and the Receivership Entities for their efforts in developing and managing construction of the properties; however, such work did not occur in the past and cannot occur moving forward.

## IV. CONCLUSION

In light of the foregoing, the Receiver respectfully requests that the Court enter an Order ratifying the Agreement with the DLP Entities and further grant the Receiver such other and further relief to which the Receiver may be justly entitled.

December 14, 2022

Respectfully submitted,

**RECEIVER CORTNEY C. THOMAS**

*<u>/s/ Cortney C. Thomas</u>*

Cortney C. Thomas
State Bar No. 24075153
cort@brownfoxlaw.com
Brown Fox PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000
Fax: (214) 327-5001

## VERIFICATION

My name is Cortney C. Thomas. I am over the age of 18 and am fully competent to make this verification. I declare under penalty of perjury that the facts stated above are within my personal knowledge and are true and correct.

*<u>/s/ Cortney C. Thomas</u>*

Cortney C. Thomas

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that on December 14, 2022, counsel for the Receiver conferred via email with counsel for Plaintiff and Defendants regarding the relief requested above. The SEC and Defendant Fu are unopposed. Counsel to Defendants Barton and Wall have not responded as of the filing of this Motion, and thus the Receiver assumes that they are opposed.

*/s/ Cortney C. Thomas*
Cortney C. Thomas

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

# Tab 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **No. 3:22-CV-2118-X** |
| **TIMOTHY LYNCH BARTON**<br>**CARNEGIE DEVELOPMENT, LLC**<br>**WALL007, LLC**<br>**WALL009, LLC**<br>**WALL010, LLC**<br>**WALL011, LLC**<br>**WALL012, LLC**<br>**WALL016, LLC**<br>**WALL017, LLC**<br>**WALL018, LLC**<br>**WALL019, LLC**<br>**HAOQIANG FU (a/k/a MICHAEL FU)**<br>**STEPHEN T. WALL** | § | **Hearing Requested** |
| ***Defendants,*** | § | |
| **DJD LAND PARTNERS, LLC**<br>**LDG001, LLC** | § | |
| ***Relief Defendants.*** | § | |

**DEFENDANT BARTON'S RESPONSE TO VERIFIED MOTION TO RATIFY AGREEMENT WITH DLP CAPITAL AND OTHER DLP ENTITIES**

Defendant Timothy L. Barton files this Response in opposition to the Receiver's Verified Motion To Ratify Agreement With DLP Capital and Other DLP Entities [ECF No. 95] ("Motion"), and requests a hearing on this matter, as follows.

## I. INTRODUCTION

The instant motion presents a significant threat of destroying value and harming the interests of the lenders that are subject of this SEC action and the actual owners of the assets. The Receiver comes to the Court seeking to liquidate receivership assets and realty interests ***at less than 5% of their value***. In doing so, the Receiver's Motion contains no detail regarding the development and other real estate contracts at issue with the DLP entities or any assessment of the value of the encumbered assets being disposed of. Nor does the Receiver attach any documentation to substantiate its arguments as to why the receivership's interests should be contracted away at this time. Instead, the Receiver contends, in conclusory fashion, that performance under the terms of the contract is no longer feasible and the receivership's interests should be reduced to cash. That showing is insufficient to permit Mr. Barton or this Court to evaluate if the proposed transaction is in the best interests of the estate. And even if the Receiver presented that information, his proposed settlement agreement involves the effective sale of realty interests held by the Receivership Estate, and as such it must comply with 28 U.S.C. § 2001—which the Receiver has come nowhere close to complying with. At a minimum, the Receiver must produce key documents and the Court hold a hearing, before this sale is approved, to substantiate the value of the transaction. On this record, the Court should deny the Receiver's Motion without prejudice.

## II. ARGUMENT & AUTHORITIES

### A. The Receiver Does Not Substantiate a Basis for His Proposed Transaction

The Receiver's Motion reflects a continued effort to fire sale and liquidate assets of the estate rather than maintain and manage them. As has been addressed in prior motion practice and before the Court, the receivership does not have a seasoned real estate professional with the necessary experience to manage the multi-million dollar development projects under its remit, and harm to the estate is a direct result. The present transaction being proposed by the Receiver is particularly reflective of why this feature of the receivership estate is becoming a problem. Indeed, the Receiver proposes to liquidate over $20 million in equity under certain real estate development and participation interests for a mere $750,000—at a loss of over 95% loss of their value. Importantly, the substantial sum of equity in these transactions arises under two participation agreements—not the development contracts discussed more directly in the Receiver's Motion—in which the estate has a 25% interest on the increased value of the development properties.[1] Whether the reasons for the Receiver pushing to liquidate these substantial assets for such a small sum is that he is either not seeing the value or does not understand how unlock the value where his incumbents left off, it is of no import. There is no reason for this transaction to be approved on its proposed terms.

On the underlying development and real estate transaction that the Receiver proposes to liquidate and dispose of, there are very straight-forward means to preserve the value of the assets. Although there may not be much work remaining on the initial development in question

[1] For just Marine Creek alone, the Phase 1 participation interest held by the receivership is worth approximately $5.75 million, and the majority of the receivership entities' initial development work was completed under Phase 1. *See* App. 025-27, Max Barton Decl. Additional millions are owed for development and other fees on this project, not to mention millions more in participation interests and other fees owed to the receivership estate on the Orchard Farms project.

(and the Receiver's Motion does not address this issue either), there are also two participation agreements which are not contingent on the participation agreements' terms. In other words, a breach or failure by one of the receivership entities to perform an alleged development duty does not deprive the other receivership entities of their legal rights under the participation agreements (which compromise the majority of the value in these transactions). In any event, to the extent any minimal development work were needed from the receivership entities, the Receiver could either hire a developer to assist the estate or sell the development fee (of other interests) to a third party. But the Receiver has not attempted to do so.

Nor does the Receiver's Motion provide sufficient information to allow the Court or any interested parties to evaluate the proposed transaction. This is a problem. Before approving of this settlement agreement, the Court should, at a minimum, examine the facts in order to ensure that the settlement transaction proposed by the Receiver is indeed in the best interests of the Receivership Estate.

As an initial matter, the fact that the Receiver's Motion is verified is of no moment unless it is accompanied by sufficient factual detail to substantiate the conclusory assertions made in its Motion. The instant motion is conclusory because it omits several key facts that allegedly form the backgrounds for the Receiver's assertions, including:

1. The Receiver does not provide a financial assessment or supporting statements to address the potential financial impact of the proposed settlement contract, including the over $20 million in asset value that the Receiver attempts to give away.
2. The Receiver does not disclose the basis for DLP's suggestions of any contract breach under each of the five contracts at issue, much less attach the letters (alluded to in the Receiver's Motion) that have purportedly precipitated the Receiver's

decision to dispose of these real estate deals. *See* Mot. at 4. In fact, any prospect of a breach of contract is questionable because DLP halted work on the job in September 2022 for reasons unrelated to any apparent breach by the receivership entities. A claimed breach by any receiver entity after the fact does not follow.

3. The Receiver does not disclose whether the alleged breach was material or curable, or whether the Receiver attempted to cure any potential breach. This point is particularly relevant because the Court's Receivership Order has stayed any claims for breach of contract against the receivership estate.

4. The Receiver does not substantiate his conclusions that continued maintenance of the assets were not "feasible" and "likely needed to be terminated." It is not apparent what specific work or contract terms were allegedly infeasible. *See* Ex. A [ECF 95-1] at p. 2 of 7.

5. The Receiver does not address the difference in value between the alleged contracted-for work, if any, that the Receiver claims it needed to undertake, and the proposed settlement value for the transfer of the receivership's contractual and property interests. *See* Mot. at 6. No valuation is provided with the Motion.

Without that information, there is no way to tell if the Receiver endeavored to realize the value of these assets, or whether the purpose the transaction instead reflects an attempt to cash out the Receivership Entities before year end to pay short-term expenses, with the result of unnecessarily harming the estate. The Court should not approve this agreement without that necessary information.

**B. This Settlement Destroys the Status Quo**

This Court appointed the Receiver for multiple purposes, but one of those is "marshaling and preserving all assets of the Receivership Entities." ECF No. 29 at 2. This settlement agreement, if approved, does the opposite. Although the Receiver provides no estimate of how much the Barton entities would be entitled to upon performance or simply be continuing to hold the assets that the Receiver is trying to dispose of, the fact that the DLP entities are apparently willing to *pay the Barton entities* to settle a claim that *the Barton entities are in breach*, it is safe to infer that the value is substantial. Mot. at 5-6. By cashing out these potentially lucrative contracts and interests in the underlying realty, without taking any meaningful effort to preserve the value of these assets, waste is occurring within the estate and the Receiver is not adequately preserving the status quo.

**C. The Receiver's Proposed Disposition of Real Property Interests Under the Proposed Contract Improperly Attempt to Circumvent 28 U.S.C. § 2001**

The Receiver also cannot dispose of "[a]ny realty or interest or any part thereof" without first complying with 28 U.S.C. § 2001. Yet, here, the Receiver's Motion makes no reference to this statute, let alone attempts to satisfy the statutory requirements. The omission is glaring.[2]

There is no dispute—or least there should not be—that the Receiver attempts to dispose of the receivership's realty interests. While the Receiver does not attach the contract documents or other material documentation about the assets that he is attempting to dispose of, the Motion makes passing references to the estate's realty interests, including the estate's interests in the "Achieved Increased Value" of the property. Mot. at 6. Tellingly, the Receiver's proposed contract reflects the payment of money by the DLP entities in exchange for the Receiver filing a

[2] The reason the Receiver attempts to avoid the statutory requirements for disposing of realty interests is because his proposed transaction—seeking to liquidate receivership property at less than 5% of its value—would not pass muster under 28 U.S.C. § 2001(b).

quitclaim instrument in the public property records to dispose of the receivership's interests in the Orchard Farms and Marine Creek properties. *See* Ex. A [ECF 95-1] at p. 3 of 7. This fact reflects that the Receiver's transaction necessarily involves the disposition and sale of the receivership's interests in realty. In fact, the Tarrant County deed records also reflect that the receivership assets to be disposed of by the Receiver include "covenants, conditions, restrictions, easements, and agreements" that constitute "covenants running with the land." *See* App. 004-24. These encumbrances on the fee simple property are direct interests in realty, and their disposition is governed by 28 U.S.C. § 2001.

To the extent the Receiver may argue in reply that 28 U.S.C. § 2001 only applies to the sale of an entire fee simple property, that argument would be incorrect. The statute not only applies to the sale of entire fee simple estates, but also to any "interest or any part thereof." 28 U.S.C. § 2001(b). And a party can buy, hold, and sell many different types of interests in realty other than fee simple title. For example, any "liens, claims, easements, [] servitudes" or other "encumbrance[s]" are "interest[s] in realty." *Anadarko E & P Co., LP v. Clear Lake Pines, Inc.*, No. 03-04-00600-CV, 2005 WL 1583506, at *3 (Tex. App. —Austin July 7, 2005, no pet.). Other examples of realty include unaccrued royalty interests, even if these interests are non-participating in nature. *Id.; see also Quigley v. Bennett*, 227 S.W.3d 51, 54 (Tex. 2007) (" An overriding royalty interest in an oil and gas lease is considered an interest in real estate . . . ."); *Cane Tennessee, Inc. v. United States*, 60 Fed. Cl. 694, 699 (2004) (addressing other state law that a "non-participating royalty interest" may be "classified as realty"). ! Participation agreements are also used to convey realty interests. *See Conocophillips Co. v. Dahlberg*, No. CIV.A. C-10-285, 2011 WL 710604, at *7 (S.D. Tex. Feb. 22, 2011). !

Because the settlement agreement disposes of the receivership's real property interests for cash consideration, it constitutes a de facto sale of those interests and falls within the ambit of 28 U.S.C. § 2001. The Court may not, therefore, merely approve of the settlement agreement without ensuring compliance with § 2001's requirements.

## III. CONCLUSION & PRAYER

For the foregoing reasons, Defendant Timothy Barton respectfully requests that the Court deny the Receiver's Verified Motion To Ratify Agreement With DLP Capital And Other DLP Entities. At the very least, the Court should require the settlement to proceed under 28 U.S.C. § 2001, following a hearing, and should delay approval of that settlement until such a time as the Receiver provides sufficient information to determine the value of the rights the Receivership Estate is trading away and the Receiver's efforts, if any, to preserve those rights or perform the contracted-for work.

Dated: December 20, 2022

Respectfully submitted,

By: <u>*/s/ Michael J. Edney*</u>
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.)*
medney@huntonak.com
Michael Dingman
Virginia Bar No. 95762
DC Bar No. 90001474 (*admitted pro hac vice)*
mdingman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

Ted A. Huffman
State Bar No. 24089015
thuffman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-3000
Facsimile: (214) 740-7110

Richard Roper
State Bar No. 17233700
richard.roper@hklaw.com
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1345
Facsimile: (214) 999-9252

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On December 20, 2022 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney

# Tab 6

Page 1 of 11

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/BdPKRcB2

Mary Louise Nicholson
Tarrant County Clerk

Mary Louise Nicholson

Digitally signed by: Mary Louise Nicholson
Date: Dec 20, 2022 02:14 PM -06:00

D222022238 01/25/2022 02:36 PM Page: 1 of 11 Fee: $59.00 Submitter: Fidelity Title - NCS (Dallas) - 03071
Electronically Recorded by Tarrant County Clerk in Official Public Records Mary Louise Nicholson
MARY LOUISE NICHOLSON
COUNTY CLERK

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

| | | |
|---|---|---|
| THE STATE OF **TEXAS** | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF **TARRANT** | § | |

GF#5713001730 AL

**MEMORANDUM OF AGREEMENT**
(Marine Creek)

**THIS MEMORANDUM OF AGREEMENT** (this "**Memorandum**") is made and entered into effective as of ~~January~~ December 31, 2021~~, 2022~~ to provide record notice of a certain Participation Agreement made the 31st day of ~~January, 2022~~ December 2021 by and between **MARINE CREEK SP LLC,** a Texas limited liability company ("Participant"), and **MARINE CREEK VENTURES LLC,** a Delaware limited liability company ("Owner") (collectively referred to as the "Parties") respecting that certain tract of land containing approximately **40.20 acres**, more or less, located in Tarrant County, Texas, generally located **at the intersection of Loop 820 and Huffines Boulevard, City of Fort Worth, County of Tarrant, State of Texas**, and depicted in **Exhibit A** attached hereto, and depicted in **Exhibit A** attached hereto (the "*Property*") (the "**Agreement**"), certain provisions of which include the following:

*The Property is currently planned to be development in three (3) phases, to include one or more multifamily residential communities and related infrastructure and amenities (the foregoing and related activities upon the Land, referred to herein as the "Development Project", or at times simply, the "Project").*

*Owner's acquisition and development of the Project would not be possible but for the sale of the Land and assignment of associated development rights identified in the Purchase and Sale Agreement as the Property, from Participant's related entity, as Seller, to Owner, as the Purchaser, upon the terms and provisions set forth therein. In further consideration thereof, and expressly irrespective of any "entirety" or other provision contained in the Purchase and Sale Agreement, the parties hereto, expressly covenant and agree to the terms and provisions of this Participation Agreement, to among other things, expressly provide for the Participation Fee (as defined herein) to be paid by the Owner.*

*Consistent therewith, Owner has agreed to grant to Participant a right to participate in the Achieved Increased Value (as defined herein) during the course of the initial development of the Project, and or arising from any near-term sale or condemnation of all or any portion of the Property, and to pay an additional separate earned fee, all as more particularly set forth herein.*

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/BdPKRcB2

Page 2 of 11

Mary Louise Nicholson
Tarrant County Clerk

Digitally signed by: Mary Louise Nicholson
Date: Dec 20, 2022 02:14 PM -06:00



**Notice**. For purposes of notice, the addresses of the parties shall, until changed, be as follows:

If to Owner:

MARINE CREEK VENTURES LLC
Attn: Barry W. DeGroot
405 Golfway W Drive
St. Augustine, FL 32095
Tel: (904) 342-6880
Email: barry@dlpre.com

If to Participant:

MARINE CREEK SP LLC
13901 Midway Rd, Suite 102-243
Dallas, Texas 75244
Attn: Tim Barton, President
Email: tbarton@jmjdevelopment.com;

With a copy to:

Vance McMurry
McMurry Law, PLLC
508 W. Lookout Suite 14-74
Richardson, Texas 75080
Email: vance@mcmurrylegal.com; and

The Marx Firm, LLC
2999 Turtle Creek Blvd.
Dallas, Texas 75219
Attention: Randy P. Marx, Esq.
Telephone No.: 214/360-9343
Telephone No.: 214/405-5120 Cell
E-Mail Address: randy@themarxfirm.com

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/BdPKRcB2

Page 3 of 11

Mary Louise Nicholson
Tarrant County Clerk

Digitally signed by: Mary Louise Nicholson
Date: Dec 20, 2022 02:14 PM -06:00



**Purpose of Memorandum**. This Memorandum is entered into for the purpose of giving public notice of the existence of the Participation Agreement. This Memorandum shall bind and benefit, as the case may require, the heirs, legal representatives, assigns and successors of the respective parties, and all covenants, conditions, restrictions, easements and agreements contained herein shall be construed as covenants running with the land throughout the term of the Participation Agreement, but not beyond.

**MEMORANDUM**: All the obligations and rights of Parties are set forth in the Participation Agreement. This document is a memorandum of the Participation Agreement and is subject to all the terms, conditions and provisions of the Participation Agreement. In the event of any inconsistency between the terms of the Participation Agreement and this document, the terms of the Participation Agreement will prevail. This Memorandum is binding upon and will inure to the benefit of the heirs, successors, assigns, executors and administrators of the parties.

**EXECUTED AS OF THE DATE FIRST ABOVE WRITTEN:**

**OWNER**

**MARINE CREEK VENTURES LLC,**
a Delaware limited liability company

By: [signature]
Name: Barry W. DeGroot
Title: Vice President
Signed the 7 day of January, 2022

**ACKNOWLEDGMENT**

**STATE OF FLORIDA**

**COUNTY OF ST. JOHNS**

This instrument was acknowledged before me ☒ by means of physical presence by Barry W. DeGroot, Vice President of MARINE CREEK VENTURES LLC, a Delaware limited liability company, for and on behalf of such limited liability company, on this the 7th day of January, 2022, to certify which witness my hand and seal of office.

CASSANDRA ALEXANDER
Notary Public-State of Florida
Commission # HH 194015
My Commission Expires
November 02, 2025

[signature]
Notary Public in the State of Florida

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/BdPKRcB2

Page 4 of 11

Mary Louise Nicholson
Tarrant County Clerk

Digitally signed by: Mary Louise Nicholson
Date: Dec 20, 2022 02:14 PM -06:00



**PARTICIPANT**

**MARINE CREEK SP LLC**
A Texas limited liability company

By: ______________________

Name: Tim Barton

Title: President

Signed the ___ day of January, 2022.

**STATE OF TEXAS** :
:
**COUNTY OF DALLAS** :

The foregoing instrument was acknowledged before me this 7 day of January, 2022, by Tim Barton, in his capacity of as President of **MARINE CREEK SP LLC**, a Texas limited liability company for and on behalf of such limited liability company. Witness my hand and seal of office.

______________________
Notary Public in the State of Texas

Bella D Khusal
My Commission Expires
09/24/2022
ID No. 131734480

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/BdPKRcB2

Page 5 of 11

Mary Louise Nicholson
Tarrant County Clerk

Digitally signed by: Mary Louise Nicholson
Date: Dec 20, 2022 02:14 PM -06:00



**AFTER RECORDATION RETURN TO:**

MARINE CREEK SP LLC
13901 Midway Rd, Suite 102-243
Dallas, Texas 75244
Attn: Tim Barton, President
Email: tbarton@jmjdevelopment.com;

Exhibits:

A Property legal description

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/BdPKRcB2

Page 6 of 11

Mary Louise Nicholson
Tarrant County Clerk

Digitally signed by: Mary Louise Nicholson
Date: Dec 20, 2022 02:14 PM -06:00



**EXHIBIT "A"**

**Land description**

**(as per the attached)**

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/BdPKRcB2

Page 7 of 11

Mary Louise Nicholson
Tarrant County Clerk

Digitally signed by: Mary Louise Nicholson
Date: Dec 20, 2022 02:14 PM -06:00



**Exhibit A**

**Legal description of land:**
**(Marine Creek)**

**TRACTS 1 & 2:**

**Being a tract of land situated in the L.H. Brown Survey, Abstract No. 213 and the T. & P.R.R.CO. Survey, Abstract No. 1472, in the City of Fort Worth, Tarrant County, Texas, being all of Lots 2 & 3, Block 3 of MARINE CREEK APARTMENTS, an Addition to the Cityof Fort Worth, Tarrant County, Texas, according to the plat recorded in Cabinet A, Slide 8820, Deed Records, Tarrant County, Texas, and being that same tracts of land conveyedto Marine Creek Land Partners, L.P. by Deed recorded in Instrument No. D212240140, Official Public Records, Tarrant County, Texas, and being more particularly described bymetes and bounds as follows:**

**Beginning at a 5/8 inch iron rod found for corner in the North line of Shadydell Drive (a 60'right-of-way), said point being the Southeast corner of Lot 1R, Block 3 of Marine Creek Apartments, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the plat recorded in Cabinet A, Slide 8912, Map Records, Tarrant County, Texas;**

**Thence North 27 degrees 41 minutes 29 seconds West along the East line of said Lot 1R,Block 3, a distance of 950.88 feet to a 5/8 inch iron rod found for corner, said point beingthe Northeast corner of said Lot 1R, Block 3, and being in the South line of a tract of landconveyed to the City of Fort Worth by Deed recorded in Volume 7226, Page 721, Deed Records, Tarrant County, Texas;**

**Thence traversing along the exterior line of said City of Fort Worth tract as follows:**

**South 88 degrees 00 minutes 01 seconds East, a distance of 110.13 feet to a 5/8 inch ironrod found for corner;**

**North 86 degrees 00 minutes 56 seconds East, a distance of 866.87 feet to a 1/2 inch ironrod with a yellow cap stamped "TXHS" set for corner;**

**North 80 degrees 57 minutes 49 seconds East, a distance of 320.54 feet to a 5/8 inch ironrod found for corner;**

**South 75 degrees 41 minutes 36 seconds East, a distance of 330.06 feet to a 5/8 inch ironrod found for corner;**

**North 61 degrees 12 minutes 35 seconds East, a distance of 247.16 feet to a 5/8 inch ironrod found for corner;**

**North 73 degrees 24 minutes 41 seconds East, a distance of 149.78 feet to a 1/2 inch ironrod found for corner;**

TARRANT COUNTY, TEXAS

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/BdPKRcB2

Page 8 of 11

Mary Louise Nicholson
Tarrant County Clerk

Digitally signed by: Mary Louise Nicholson
Date: Dec 20, 2022 02:14 PM -06:00



South 32 degrees 31 minutes 58 seconds East, a distance of 210.60 feet to a 1/2 inch ironrod found for corner;

South 29 degrees 45 minutes 46 seconds West, a distance of 180.02 feet to a 1/2 inch ironrod found for corner;

South 83 degrees 07 minutes 55 seconds West, a distance of 99.67 feet to a 1/2 inch ironrod found for corner;

South 53 degrees 19 minutes 33 seconds West, a distance of 145.03 feet to a 1/2 inch ironrod found for corner;

South 38 degrees 18 minutes 42 seconds West, a distance of 364.19 feet to a 1/2 inch ironrod found for corner;

South 20 degrees 36 minutes 52 seconds West, a distance of 298.09 feet to a 1/2 inch ironrod found for corner;

North 79 degrees 37 minutes 24 seconds West, a distance of 388.02 feet to a 1/2 inch ironrod with a yellow cap stamped "TXHS" set for corner;

North 68 degrees 07 minutes 25 seconds West, a distance of 241.24 feet to a 5/8 inch ironrod found for corner, said point being in the Southeast line of aforementioned Shadydell Drive;

Thence North 49 degrees 05 minutes 44 seconds East along the Southeast line of said Shadydell Drive, a distance of 204.71 feet to a 5/8 inch iron rod found for corner, said point being in a curve to the left having a radius of 50.00 feet, a delta of 286 degrees 15 minutes 37 seconds and a chord bearing North 40 degrees 54 minutes 49 seconds West,a distance of 60.00 feet;

Thence along said curve to the left and Shadydell Drive, an arc length of 249.81 feet to a5/8 inch iron rod found for corner;

Thence South 49 degrees 05 minutes 44 seconds West along the Northwest line of said Shadydell Drive, a distance of 412.80 feet to a 1/2 inch iron rod with a yellow cap stamped"TXHS" set for corner, said point being in a curve to the left having a radius of 425.00 feet, a delta of 31 degrees 12 minutes 25 seconds, a chord bearing South 63 degrees 52 minutes 40 seconds West, a distance of 228.63 feet;

Thence in a Southwestern direction along the Northwest line of said Shadydell Drive andcurve to the left, an arc distance of 231.48 feet to the Point of Beginning and containing atotal of 1,238,758 square feet or 28.4380 acres of land.

NOTE: COMPANY DOES NOT REPRESENT THAT THE ABOVE ACREAGE AND/OR SQUARE FOOTAGE CALCULATIONS ARE CORRECT.

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/BdPKRcB2

Page 9 of 11

Mary Louise Nicholson
Tarrant County Clerk

Digitally signed by: Mary Louise Nicholson
Date: Dec 20, 2022 02:14 PM -06:00



**TRACT 3:**

**Being a tract of land situated in the S.A. Hatcher Survey, Abstract No. 1792, in the City of Fort Worth, Tarrant County, Texas, being all of Lot 1, Block 2 of MARINE CREEK APARTMENTS, an Addition to the City of Fort Worth, Tarrant County, Texas, according tothe plat recorded in Cabinet A, Slide 8820, Deed Records, Tarrant County, Texas, and being that same tract of land conveyed to Marine Creek Land Partners, L.P. by Deed recorded in Instrument No. D212240140, Official Public Records, Tarrant County, Texas, and being more particularly described by metes and bounds as follows:**

**Beginning at an "X" found for corner in the intersection of the North line of Shadydell Drive (a 60' right-of-way) and the East line of Huffines Boulevard (an 84' right-of-way), said point being in a curve to the left having a radius of 1992.00 feet, a delta of 05 degrees38 minutes 38 seconds and a chord bearing North 24 degrees 51 minutes 49 seconds West, a distance of 196.14 feet;**

**Thence in a Northwestern direction along the East line of said Huffines Boulevard andcurve to the left, an arc distance of 196.22 feet to an "X" found for corner;**

**Thence North 27 degrees 41 minutes 29 seconds West continuing along the East line ofsaid Huffines Boulevard, a distance of 359.66 feet to an "X" found for corner in the intersection of the East line of said Huffines Boulevard and the South line of Shadydell Drive (a 60' right-of-way);**

**Thence North 62 degrees 18 minutes 52 seconds East along the South line of said Shadydell Drive, a distance of 50.00 feet to a 1/2 inch iron rod with a yellow cap stamped"TXHS" set for corner, said point being in a curve to the right having a radius of 430.00 feet, a delta of 39 degrees 05 minutes 49 seconds and a chord bearing North 81 degrees51 minutes 48 seconds East, a distance of 287.76 feet;**

**Thence in an Easterly direction along the South line of said Shadydell Drive and curve tothe right, an arc distance of 293.42 feet to a 5/8 inch iron rod found for corner, said pointbeing in a compound curve to the right having a radius of 485.00 feet, a delta of 30 degrees 28 minutes 27 seconds and a chord bearing North 85 degrees 43 minutes 27 seconds East, a distance of 254.93 feet;**

**Thence continuing in an Easterly direction along the South line of said Shadydell Driveand curve to the right, an arc distance of 257.96 feet to a 5/8 inch iron rod found for corner in the intersection of the South line of said Shadydell Drive and the West line ofShadydell Circle (a variable width right-of-way), said point being in a curve to the right having a radius of 425.00 feet, a delta of 89 degrees 03 minutes 04 seconds, a chord bearing South 24 degrees 04 minutes 09 seconds West, a distance of 596.04 feet;**

**Thence in a Southwesterly direction along the Western line of said Shadydell Circle, anarc distance of 660.55 feet to a 5/8 inch iron rod found for corner;**

Page 10 of 11

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/BdPKRcB2

Mary Louise Nicholson
Tarrant County Clerk

Digitally signed by: Mary Louise Nicholson
Date: Dec 20, 2022 02:14 PM -06:00



Thence South 68 degrees 47 minutes 56 seconds West continuing along the North line ofsaid Shadydell Circle, a distance of 96.50 feet to the Point of Beginning and containing 232,838 square feet or 5.3452 acres of land.

NOTE: COMPANY DOES NOT REPRESENT THAT THE ABOVE ACREAGE AND/OR SQUARE FOOTAGE CALCULATIONS ARE CORRECT.

TRACT 4:

Being a tract of land situated in the S.A. Hatcher Survey, Abstract No. 1792, in the City of Fort Worth, Tarrant County, Texas, being all of Lot 1, Block 1 of MARINE CREEK APARTMENTS, an Addition to the City of Fort Worth, Tarrant County, Texas, according tothe plat recorded in Cabinet A, Slide 8820, Deed Records, Tarrant County, Texas, and being that same tract of land conveyed to Marine Creek Land Partners, L.P. by Deed recorded in Instrument No. D212240140, Official Public Records, Tarrant County, Texas, and being more particularly described by metes and bounds as follows:

Beginning at an "X" set for corner in the East line of Huffines Boulevard (an 84' right-of-way), said point being the Northwest corner of a tract of land conveyed to H&M Mackey, LLC by Deed recorded in Volume 15932, Page 274, Deed Records, Tarrant County, Texas, and also being in a curve to the left having a radius of 1992.00 feet, a deltaof 08 degrees 12 minutes 02 seconds and a chord bearing North 16 degrees 12 minutes 56 seconds West, a distance of 284.87 feet;

Thence in a Northerly direction along the East line of said Huffines Boulevard and curve to the left, an arc distance of 285.11 feet to an "X" found for corner in the intersection of the East line of said Huffines Boulevard and the South line of Shadydell Circle (a variablewidth right-of-way);

Thence North 68 degrees 47 minutes 56 seconds East along the South line of said Shadydell Circle, a distance of 96.63 feet to a 5/8 inch iron rod found for corner, said pointbeing in a curve to the right having a radius of 485.00 feet, a delta of 73 degrees 41 minutes 32 seconds and a chord bearing North 31 degrees 50 minutes 59 seconds East, adistance of 581.68 feet;

Thence in a Northeasterly direction along the Southeast line of said Shadydell Circle andcurve to the right, an arc distance of 623.79 feet to a 1/2 inch iron rod with a yellow cap stamped "TXHS" set for corner;

Thence North 85 degrees 39 minutes 55 seconds East, a distance of 2.75 feet to a 1/2 inchiron rod with a yellow cap stamped "TXHS" set for corner in the West line of a tract of land conveyed to the City of Fort Worth by Deed recorded in Volume 7226, Page 721, Deed Records, Tarrant County, Texas;

Thence traversing along the exterior line of said City of Fort Worth tract as follows:

South 71 degrees 17 minutes 20 seconds East, a distance of 252.71 feet to a 1/2 inch ironrod with a yellow cap stamped "TXHS" set for corner;

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/BdPKRcB2

Page 11 of 11

Mary Louise Nicholson
Tarrant County Clerk

Digitally signed by: Mary Louise Nicholson
Date: Dec 20, 2022 02:14 PM -06:00



South 53 degrees 55 minutes 24 seconds East, a distance of 230.95 feet to a 1/2 inch ironrod with a yellow cap stamped "TXHS" set for corner;

South 33 degrees 45 minutes 40 seconds East, a distance of 121.55 feet to a railroad spike found for corner, said point being the North corner of Lot 1, Block 1 of CrosspointChurch Addition, an Addition to the City of Fort Worth, according to map recorded in Instrument No. D214243867, Deed Records, Tarrant County, Texas;

Thence South 59 degrees 13 minutes 24 seconds West along the North line of said Lot 1, Block 1 and passing through the common Northwest corner of said Lot 1, Block 1 and theNortheast corner of aforementioned H&M Mackey, LLC, a total distance of 947.19 feet to the Point of Beginning and containing 292,114 square feet or 6.7060 acres of land.

NOTE: COMPANY DOES NOT REPRESENT THAT THE ABOVE ACREAGE AND/OR SQUARE FOOTAGE CALCULATIONS ARE CORRECT.

# Tab 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **No. 3:22-CV-2118-X** |
| **TIMOTHY LYNCH BARTON**<br>**CARNEGIE DEVELOPMENT, LLC**<br>**WALL007, LLC**<br>**WALL009, LLC**<br>**WALL010, LLC**<br>**WALL011, LLC**<br>**WALL012, LLC**<br>**WALL016, LLC**<br>**WALL017, LLC**<br>**WALL018, LLC**<br>**WALL019, LLC**<br>**HAOQIANG FU (a/k/a MICHAEL FU)**<br>**STEPHEN T. WALL** | § | |
| ***Defendants,*** | § | |
| **DJD LAND PARTNERS, LLC**<br>**LDG001, LLC** | § | |
| ***Relief Defendants.*** | § | |

**DECLARATION OF MAXIMILIEN BARTON**

I, Maximilien Barton, submit this declaration in accordance with 28 U.S.C. § 1746, and am competent to testify to the matters stated herein:

1. My name is Maximilien Barton. I was involved as a director of development on the Marine Creek and Orchard projects. I have personal knowledge of the facts stated herein, which are recounted below based on my recollection and understanding as to the underlying real estate projects.

2. Phase One of the Marine Creek project involves construction of 225 units, in which my understanding is the transactional documents reflected a projected market value of

approximately $67 million upon completion.

3. A substantial majority of the initial development work on Phase One is completed, with the project currently under construction by a third-party company.

4. The total value of the development, based on my recollection of the transactional documents, was estimated to be approximately $187 million, and the increased value provided by the development work on Phase One projected to be approximately $23 million.

5. I understand that the Participation Agreement between Marine Creek SP LLC and Marine Creek Ventures LLC entitles Marine Creek SP LLC to compensation in the amount of 25% of the increased value to the project. Based on a calculation of 25% of the projected increased value, I understand that approximately $5,750,000 as Marine Creek SP LLC's Phase 1 interest. The completion of additional phases would result in additional payments, in addition to a 2.5% development fee and 3% construction management fee on total development costs.

6. Phases 2 and 3 of the Marine Creek Project are of a similar size, with similar valuations, and would lead to similar compensation as Phase 1.

7. In sum, the participation agreements alone would lead to approximately $20-23 million in compensation from the development of Marine Creek Phases 1-3. The development and construction management agreements would lead to millions more in compensation.

8. Because the Orchard Farms project had similar terms as the Marine Creek property, and based on my general understanding of the Orchard Farms project, my understanding that the Orchard Farms development was contemplated to result in similar asset value and returns as for Marine Creek.

9. I am aware of no justification for releasing these significant future payments for only $750,000. That would be a considered commercially unreasonable request and behavior in the hands of anyone experienced in commercial real estate development.

10. The business documents describing the project scope and valuations are at our offices seized by the Receiver and are also in the possession of DLP. If these documents were produced, I believe they would provide further documentary support for the compensation levels projected herein.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on December 20, 2022.

Maximilien Barton