HUNTON ANDREWS KURTH LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL 202 • 955 • 1500
FAX 202 • 778 • 2201

MICHAEL J. EDNEY
DIRECT DIAL: 202 • 778 • 2204
EMAIL: medney@hunton.com

December 22, 2023

**Via ECF**

Mr. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

Re: *Securities and Exchange Commission v. Barton*, No. 22-11242 (5th Cir.)

Dear Mr. Cayce,

Appellant, Timothy Barton, respectfully responds to the Court's request for letter briefing regarding the effects on the above-entitled appeal of the "District Court's November 29, 2023 orders – including, but not limited to, whether those orders moot the instant appeal in any way." Dkt. No. 75. The Court also asked "whether any entities at issue in the instant appeal that were previously subject to the original and supplemental order appointing a receiver (Dkt. No. 88) no longer fall within the district court's latest order appointing a receiver (Dkt. No. 417)." *Id.*

Addressing the Court's second inquiry, there are two corporate entities at issue in this appeal: (1) Mansions Apartment Homes at Marine Creek, LLC and (2) Orchard Farms Village LLC. These entities held a right to collect fees from and participate in the profits of the ongoing Marine Creek and Orchard Farms development projects. The counterparty to this agreement was DLP Real Estate Capital, Inc. Those participation rights likely would have led to in excess of $20

million over the coming years. Dkt. No. 31 at 28. The previous illegally-appointed receiver released those rights to DLP for $750,000 in order to pay the receiver's law firm. *Id.* at 20.

On remand from this Court's order vacating the receivership established in 2022, the District Court created a new receivership that includes any entity associated with the Appellant that holds anything of material value. That order sweeps into the new receivership the two corporate entities at issue in this appeal. NDTX Dkt. No. 417 at 5.

As to the Court's first inquiry, the District Court's order initiating a new receivership does not moot the immediate appeal. This Court vacated the previous receivership as illegally imposed. *SEC v. Barton*, 79 F.4th 573, 581-82 (5th Cir. 2023). That ruling, in turn, invalidated and vacates the prior receiver's actions. The District Court's decision to create a new receivership—a decision that itself is under appeal—is not a continuation or revival of the old receivership.[1]

The defects in the previous, illegally-appointed receiver's attempt and the District Court's approval of the sale of real estate rights to DLP go beyond the previous receiver's illegal appointment. The order approving the sale did not follow Congress's requirements for disposing of realty interests and was manifestly against the receivership estate's best interests, as it sacrificed tens of millions in value to feed the illegally-appointed receiver's law firm a few hundred thousand dollars. *See* Appellant's Merits Brief at 43-49.

The District Court's order creating a new receivership neither "eliminates actual controvers[ies]" nor "render[s] the court no longer capable of providing meaningful relief." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co*, 704 F.3d 413, 425 (5th Cir. 2013). This Court can and should reverse and vacate the District Court's order approving the sale to DLP because it was sought by a receiver with no jurisdiction or authority to do so, because it was entered into without regard to the procedures in place for selling realty rights under 28 U.S.C.

[1] That appeal has been docketed in this Court as *Securities and Exchange Commission v.* Barton, No. 23-11237.

§ 2001, and because it was clearly elevating the personal financial interests of the previous, illegally-appointed receiver over those of the estate's beneficiaries. That a newly created receiver might seek authority for the same transaction again and the District Court might approve it eliminates none of these controversies.

Importantly, the District Court's order appointing a "new receiver" is not a continuation or validation of the previous receivership. *Barton*, 79 F.4th at 581. This Court held that the previous receiver was illegally appointed, the Securities and Exchange Commission not having submitted and the District Court not having demanded the evidence necessary to determine the propriety or scope of the "drastic" and "extraordinary remedy" of a receivership. 79 F.4th at 578. This Court therefore "vacated" the order appointing the prior receivership, while leaving open the possibility that the Commission might seek and the District Court might appoint a "new receiver" after remand. *Id.* at 579.

By "vacating" the order creating the prior receivership, this Court rendered that order a legal nullity as if it had never previously existed. *See United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (*en banc*) (finding the a vacated ruling is "officially gone," has "no legal effect whatever," "[is] void," and "[n]one of the statements made [therein] has any remaining force." (alteration in original); *In re Smith*, 165 F. App'x 961, 967 (3d Cir. 2006) (noting that "the 'slate was wiped clean'" where underlying decision was vacated). Vacated orders are treated as though they never went into effect. *See United States v. Harris*, 155 F. Supp. 17, 21 (S.D. Cal. 1957) ("The general rule is that when an order or judgment is vacated the previously existing status is restored and the situation is the same as though the order or judgment had never been made." (quoting A.C. Freeman, A Treatise of the Law of Judgments 594–95 (5th ed. 1925))); *Lufkin v. McCallum*, 752 F. Supp. 421, 423 (N.D. Ala. 1990) (noting that, when opinion was vacated, "it was as if it had never existed").

The Court's choice of the vacatur remedy matters. If the Court had held that the defect was only a failure of explanation, it could have declined to vacate the order and remanded it for the District Court to explain itself. The Court, instead, decided to vacate the order. And appropriately so, because the

Government had seized the Defendant's assets without making the showings necessary to do so.

The District Court's November 29, 2023, order creating a new receivership does not revive or validate the prior receivership, which this Court vacated and which "no longer exists" as a legal matter. It *only* creates an entirely new one, which is exactly the possibility that this Court contemplated. *Barton*, 79 F.4th at 579 (acknowledging the possibility that the District Court might create a "new receiver" on remand). And that new receivership is, and must be treated as, an entirely separate and distinct legal entity from the initial, vacated receivership. If the new receiver seeks authority to enter into a transaction similar to the one under review here, it will be up to the District Court to decide whether the new receiver should be given that authority, under present circumstances, subject to further review in this Court.

That is why this Court, in the wake of its decision vacating the previous receivership, dismissed as moot Barton's appeals of District Court orders authorizing sales of realty that had not yet been completed. NDTX Dkt. Nos. 360 (Oct. 15, 2023), 366 (Oct. 22, 2203), 367 (Oct. 25, 2023), 368 (Oct. 25, 2023). The vacated receiver was barred from completing them, and if any new receiver wanted to pursue such sales, he would have to ask new permission to do so. The instant appeal falls into another class, where the old receiver already had taken money from a third party in exchange for the realty rights at issue. In that instance, the same reasoning requires the order authorizing the sale to be vacated and the transaction unwound.

***

The District Court's order creating a new receivership has no effect on this Court's ruling holding the prior receivership illegal and vacating it or on what should be done with the actions of the prior receiver. This current appeal of the order authorizing the vacated receiver to sell realty interests to DLP is not moot. This Court should reverse and vacate that order because it was executed by a receiver with no jurisdiction to do so. The property in question would then revert to the corporations owning them. Although the District Court has created a new

HUNTON
ANDREWS KURTH



receivership over those corporations, it will be up to the new receiver to seek a disposition of that property, for the District Court to evaluate that request based on present circumstances, and for this Court then to review whatever ruling the District Court makes with respect to the new receiver. Even that hypothetical future process may be rendered unnecessary if the new receivership order, now currently under appeal, is overturned.

Respectfully submitted,

Michael J. Edney

Cc: All counsel of record
via the Electronic Court Filing System