UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 F STREET, N.E.
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

EZEKIEL L. HILL
(202) 551-7724
HILLEZ@SEC.GOV

January 11, 2024

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

*Via ECF*

Re: *SEC v. Barton*, No. 22-11242

Dear Mr. Cayce,

Appellee Securities and Exchange Commission submits this letter in response to this Court's December 1, 2023 request for "supplemental letter briefing on the effect of the district court's November 29, 2023 orders—including, but not limited to, whether those orders moot the instant appeal in any way," and addressing "whether any entities at issue in the instant appeal that were previously subject to the original and supplemental order appointing a receiver … no longer fall within the district's court latest order appointing a receiver." App. Dkt. 75.

At the outset, the Commission reiterates its position (*see* App. Dkt. 40 at 34-42) that this Court lacks jurisdiction over this interlocutory appeal under binding precedent. *See Netsphere, Inc. v. Baron*, 799 F.3d 327, 331-34 (5th Cir. 2015) ("*Netsphere II*") (dismissing interlocutory appeal for want of jurisdiction because only opening and closing receivership orders are immediately appealable and concluding that the portion of *United States v. "A" Manufacturing Co.*, 541 F.2d 504 (5th Cir. 1976), that purports to find jurisdiction over an interlocutory receivership order is not good law). Moreover, as discussed further below, this appeal is moot because the district court ratified and adopted the order on review *nunc pro tunc*.

## BACKGROUND

The Commission filed this civil enforcement action against Timothy Barton and others, alleging that they defrauded more than 100 investors out of more than $26 million, and moved the district court to appoint a receiver for all Barton-controlled entities. ROA.25, 119. The district court granted the motion. ROA.605 ("First Receivership Order").

Prior to the First Receivership Order, affiliates of DLP Real Estate Capital, Inc. ("DLP") entered into a series of real estate development-related transactions with Barton-controlled entities AVG West, LLC ("AVG West"), Lajolla Construction Management, LLC ("Lajolla"), Mansions Apartment Homes at Marine Creek, LLC ("Mansions"), Marine Creek SP, LLC ("Marine Creek"), and Orchard Farms Village, LLC ("Orchard Farms"). *See* ROA.1777, 2686, 2761, 2772; *see also* ROA.2677; App. Dkt. 40 at 26-27.

Following his appointment, the receiver learned that Barton-controlled entities were in breach of contractual obligations to DLP affiliates. ROA.2680, 2687. Thereafter, the receiver and DLP negotiated and executed a settlement agreement, which provided for the release of certain claims and rights and for DLP to pay the receiver $750,000. ROA.2686 ("Settlement Agreement"). On December 21, 2022, the district court approved the Settlement Agreement, concluding that it was "in the best interests of the [r]eceivership." ROA.2787 ("DLP Order"). In this appeal, Barton appeals from the DLP Order. App. Dkt. 1.

In a separate appeal by Barton (No. 22-11132), this Court vacated the First Receivership Order. *SEC v. Barton,* 79 F.4th 573 (5th Cir. 2023) ("*Barton I*"). Before that vacatur took effect, the Commission moved the district court to appoint a receiver over certain Barton-controlled entities and to enter a preliminary injunction enjoining the dissipation of the assets of Barton-controlled entities not included in that receivership. Dkt. 309. On November 29, 2023, the district court appointed a receiver over certain Barton-controlled entities, including AVG West, Lajolla, Mansions, Marine Creek, and Orchard Farms, and entered a preliminary injunction freezing the assets of the other Barton-controlled entities. Dkt. 417 ("Second Receivership Order"), 418. Also on November 29, 2023, the district court issued an order ratifying and adopting certain orders that had been issued in the course of administering the first receivership, including the DLP Order, *nunc pro tunc*. Dkt. 419 ("Ratification Order").

## RESPONSE TO THE COURT'S REQUEST

1. The Commission agrees with Barton (App. Dkt. 87 at 2, 4) that the Second Receivership Order did not moot this appeal. The Ratification Order—which ratified and adopted the DLP Order *nunc pro tunc*—did. Barton asks this Court to reverse the DLP Order (App. Dkt. 31), but doing so would not provide Barton with effectual relief in light of the Ratification Order. If the DLP Order were reversed, as Barton requests, the Settlement Agreement would remain authorized pursuant to the Ratification Order—which is not before this Court in this appeal.[1] This appeal is thus moot.

2. The Barton-controlled entities at issue in this appeal are AVG West, Lajolla, Mansions, Marine Creek, and Orchard Farms.[2] All were included in the first receivership. ROA.2610, 2611, 2614. And all are included in the current receivership.[3] Dkt. 417 at 3-5.

3. Barton's supplemental letter brief focuses not on the district court's November 29, 2023 orders (as this Court directed), but on this Court's vacatur of the First Receivership Order. *See* App. Dkt. 87. Barton claims that, when *Barton I* vacated the First Receivership Order, this Court also *sub silentio* invalidated district court orders issued during the first receivership. That argument is not only outside the scope of this Court's supplemental briefing request (*see* App. Dkt. 75), but also incorrect.

In vacating the First Receivership Order, this Court held that the district court had applied the wrong standard in deciding to appoint a receiver but delayed

---

[1] On December 7, 2023, Barton filed a notice of appeal from, *inter alia*, the Ratification Order. Dkt. 429. That appeal has been docketed by this Court as No. 23-11237.

[2] In his supplemental letter brief, Barton does not identify AVG West, Lajolla, or Marine Creek as entities at issue in this appeal and does not address whether they are included in the current receivership. *See* App. Dkt. 87 at 1-2. But, as explained above, they are "entities at issue in the instant appeal that were previously subject to the original and supplemental order appointing a receiver." App. Dkt. 75; *see supra* 2.

[3] Barton agrees with the Commission that Mansions and Orchard Farms are included in the current receivership. App. Dkt. 87 at 2.

its order vacating the receivership by 90 days "so that the district court [could] consider whether to appoint a new receivership under the … factors" identified in *Netsphere, Inc. v. Baron*, 703 F.3d 296 (5th Cir. 2012) ("*Netsphere I*"). *Barton I*, 79 F.4th at 579. This Court explained that this approach was "prudent … given the breadth of the receivership and the possibility that a new receivership would cover some of the same entities." *Id.* at 580. Consistent with this Court's expectation in *Barton I*, once the district court reconsidered the issue on remand, it appointed a receiver using the *Netsphere I* factors. And with that receiver in place, the district court also ratified and adopted the DLP Order *nunc pro tunc*. There is thus no basis to question the DLP Order's continuing vitality.

If there were any doubt regarding the validity of the DLP Order, *Barton I* settled the matter in providing that "the receiver's power to sell or dispose of property belonging to receivership entities, including the power to complete sales or disposals of property already approved by the district court, is immediately suspended" and furthermore that "[the] suspension does not apply to activities in furtherance of sales or dispositions of property that have already occurred or been approved by the district court." 79 F.4th at 581-82. If this Court intended to void prior orders authorizing the receiver's actions, those provisions would have been, at best, superfluous.[4] Indeed, in a related appeal Barton has conceded that in *Barton I* "[t]he Court did validate the [r]eceiver's past activities 'in furtherance of sales or dispositions of property that have already occurred or been approved by the district court.'" App. Dkt. 59 at 6-7 (No. 23-10648).

Moreover, that vacatur of a receivership order does not, without more, void a district court's orders approving a receiver's actions taken thereunder is also

[4] Barton mistakenly assumes (App. Dkt. 87 at 4) that this Court found two of his other appeals moot because *Barton I* invalidated orders issued in the course of administering the first receivership. This Court found those appeals to be moot not upon determining to remand and (subsequently) vacate the First Receivership Order but only after suspending the receiver's power to complete the underlying transactions. *See*, *e.g.*, *SEC v. Barton*, No. 22-11226, 2023 WL 5671292 (5th Cir. Sept. 1, 2023) (dismissing the appeal of a district court order authorizing the receiver's sale of receivership property as moot because of the "development[]" of this Court "suspend[ing] the receiver's ability to sell receivership property while awaiting vacatur"); *see also* App. Dkt. 71 (No. 23-10515). Similarly, this Court dismissed another related appeal following vacatur of the First Receivership Order not because the appealed-from order had been voided but because the appeal had been rendered moot. App. Dkt. 59 (No. 23-10046).

evident from *Netsphere I*. In *Netsphere I*, this Court vacated a district court order appointing a receiver over an individual's entities and assets, which included internet domain names. 703 F.3d at 301-05. But "[t]he district court orders that were in place prior to [vacatur of the receivership order] remain[ed] in place." *In re Baron*, 593 F. App'x 356, 358–59 (5th Cir. 2014) (cleaned up). This Court did not, for example, reverse or vacate district court orders authorizing the receiver's sale of domain names. *See Associated Recovery L.L.C. v. Does 1-44*, 769 F. App'x 160, 162 (5th Cir. 2019) ("In *Netsphere*, although this court reversed the receivership, we did not reverse the sales of domain names. … We left the completed sales intact.").

If administrative receivership orders were subject to retroactive displacement in the way Barton claims, third parties like DLP would be less inclined to enter into agreements with receivers that require district court authorization. And agreeing with Barton that the vacatur of an order establishing a receivership automatically nullifies court orders authorizing actions under that receivership would undercut "[t]he primary purpose of the equitable receivership [to] marshal[] the estate's assets for the benefit of aggrieved investors and other creditors of the receivership entities." *SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019).

Sincerely,

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

cc: Counsel of record (via ECF)